IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK SHIN; RICHARD WILSON; LAW OFFICE OF RICHARD E. WILSON; JOHN DWYER; TERRANCE REVERE; REVERE & ASSOCIATES LLLC; NAN INC., a domestic profit corporation,<br><br>Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br>**DECLARATION OF BOSKO PETRICEVIC** |

DECLARATION OF BOSKO PETRICEVIC

BOSKO PETRICEVIC declares as follows:

1.    I am a licensed attorney in State of Hawaii.

2.    I make this Declaration upon personal knowledge, and would be competent to testify to the matters set forth herein.

3.    I represent myself in the above captioned lawsuit.

**STATEMENTS RELEVANT TO MEET AND CONFER**

4.    Before filing this Motion to Stay Discovery, Appoint Discovery Master and Request for Attorney's Fees and Costs, I have meet and conferred with all the Defendants' representatives (Counsels Wilson, Revere and Rand) on **October 23, 2020 at 9:30 am**.

**5.**     Before this meet and confer conference was held, I sent an email to Counsels Wilson, Revere and Rand on October 19, 2020 at 10:42 AM listing seven (7) issues I wanted to discuss during this meet and confer. **See Exhibit 1.**

**6.**     On October 19, 2020 at 10:52 AM, Counsels Wilson, Revere and Rand sent me an email listing five (5) issues they wanted to discuss. **See Exhibit 2.**

7.     During the October 23, 2020 meet and confer conference, all 7 of the issues I listed in my email (Exhibit 1) and all 5 of the issues listed in Defendants' email (Exhibit 2) were, in fact, discussed. We have NOT reached an agreement to any of the issues listed in Exhibits 1 and 2, except the item #3 listed in Exhibit 1. We did agree to delay any deposition of anyone from proposed Defendants Clay Chapman Iwamura Pulice & Nervell law firm until settlement agreement is signed and executed between myself and Clay Chapman Iwamura Pulice & Nervell, which should happen by November 13, 2020.

**8.**     Another thing that was discussed during the October 23, 2020 meet and confer conference was my request to Defendants Wilson and Revere for a 30-day extension to respond to Defendants Wilson and Revere's First Request for Production of Documents and Things to Plaintiff which was due 30 days from October 20, 2020, the date Defendants served this discovery request on me. (**See**

**Exhibit 8**). I explained to Defendants that my first child is due to be born on or after October 28, 2020 (doctor-specified due date) and that I would like to just focus on my first-born child in these tough times (covid pandemic), and that I didn't want to worry about anything else during the baby's first 30 days or so. Hence, I requested a courtesy 30-day extension which would make the responses due on December 20, 2020, instead of November 20, 2020. Defendants Wilson and Revere denied this request without providing any legitimate reasons.

9.      Also discussed during this October 23, 2020 meet and confer conference was my request for Defendants to agree to appointment of a Discovery Master (and for Defendants' to pay for all of the Discovery Master's services) to manage the entire discovery process in this case. I made this request due to what I believed was Defendants' bad faith actions that preceded and rendered the October 23, 2020 meet and confer conference a hopeless formality, as described in the instant motion. I have also made this request due to Defendants' abusive scheduling of depositions (as described in the instant motion) and attempts to turn the entire discovery process into a gigantic circus as demonstrated by the witnesses (described below) Defendants Revere and Wilson listed in their Initial Disclosures (**See W&R Disclosures**).  This request was also denied by all of the Defendants.

### STATEMENTS RELEVANT TO WITNESSES LISTED BY DEFENDANTS WILSON AND REVERE IN THEIR INITIAL DISCLOSURES.

10.    All of the events and facts listed in the First Amended Complaint and/or Proposed Second Amended Complaint happened after March 18, 2019 – the date I began work for Nan, Inc. Not a single fact or event listed in the First Amended Complaint and/or Proposed Second Amended Complaint happened before March 18, 2019. This information is relevant when describing the below listed witnesses that Defendants Wilson and Revere named in their Initial Disclosures (**See W&R Disclosures**).

11.    Below listed and described witnesses have NOTHING TO DO with this lawsuit and are only listed in an attempt to engage in abusive discovery by harassing and personally attacking me through unnecessary excavation of my past.

12.    Witness #9 listed in Defendants Wilson and Revere's Initial Disclosures ("**W&R Disclosures**") is a Representative of the Property Rights Law Group. Property Rights Law Group is a defunct organization that I briefly worked for about 3 weeks in 2012. I had a legal dispute with this organization that was settled in 2014. This is a matter of public record on the eCourt*Kokua website. However, I have had absolutely NO contact with anyone from this defunct organization since 2014. Not a single person from this organization is either mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor do they have any personal knowledge regarding any of the facts or

- 4 -

issues in the above captioned matter. I have no idea as to the relevancy of this witness other than for Defendants to harass and personally attack me by excavating my past.

13.     Witness #10 listed in W&R Disclosures is a Representative of the Estate and Law Office of Gary Galiher. Mr. Galiher died in 2016, which is a matter of public record. I never worked for Mr. Galiher, nor did I have any business relationship with him. I had a personal dispute with Mr. Galiher that was settled in 2014. However, I have had absolutely NO contact with Mr. Galiher or anyone from his Estate and/or Law Office since 2014. Mr. Galiher (dead since 2016) or anyone from his Estate and/or Law Office is neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor do they have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of this witness other than for Defendants to harass and personally attack me by excavating my past.

14.     Witnesses #12, 13 and 15 listed in W&R Disclosures are Margery Bronster, Anthony TJ Quan and Michael J. Green, respectively. I have a currently pending, and completely unrelated, lawsuit against these 3 individuals. These 3 individuals are neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor do they have any personal knowledge regarding any of the facts or issues in the above captioned matter. All of the facts,

events and issues that gave rise to my lawsuit against these 3 individuals happened prior to March 18, 2019 – the date I began work for Nan, Inc. Not a single fact or event listed in the First Amended Complaint and/or Proposed Second Amended Complaint happened before March 18, 2019. I have no idea as to the relevancy of these witnesses other than for Defendants to harass and personally attack me by bringing in every person into discovery that has a dispute with me.

15.    Witnesses #26, 27 and 28 listed in W&R Disclosures are Ted H.S. Hong, William Meheula and Stefan Reinke, respectively. Mr. Hong is my lawyer who represents me in the above-mentioned lawsuit against Margery Bronster, Anthony TJ Quan and Michael Green. Mr. Meheula and Mr. Reinke are lawyers who represent Margery Bronster, Anthony TJ Quan and Michael J. Green, respectively. Prior to this lawsuit against Margery Bronster, Anthony TJ Quan and Michael J. Green, I have had absolutely no contact with Mr. Meheula or Mr. Reinke. Mr. Hong, Mr. Meheula and Mr. Reinke are neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor do they have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of these witnesses.

16.    Witness #14 listed in W&R Disclosures is David Schulmeister. My only contact and/or relationship with Mr. Schulmeister was that Mr. Schulmeister and myself were opposing counsels in an arbitration hearing that I

- 6 -

handled while I worked for Clay Chapman Iwamura Pulice & Nervell. Granted, this arbitration hearing was contentious, but I have no personal legal dispute with Mr. Schulmeister of any kind. I am no longer involved in this arbitration hearing, and therefore I have no longer any contact with Mr. Schulmeister. Mr. Schulmeister is neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor does he have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of this witness.

17.    Witness #16 listed in W&R Disclosures is a Representative of CrossFit Hawaii. CrossFit Hawaii is a gym I used to go to exercise. I have left this gym on or about September of 2015 when my membership expired. I have NOT stepped a foot in this gym since September of 2015. I have had absolutely NO contact with any representative of CrossFit Hawaii or CrossFit Hawaii since September of 2015. I never had a lawsuit or a settlement of any kind with CrossFit Hawaii. Representative of CrossFit Hawaii and/or CrossFit Hawaii are neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor do they have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of this witness.

18.    Witness #17 listed in W&R Disclosures is a Representative of the Pacific Club. I have never been a member of the Pacific Club. <u>I never had a lawsuit, legal dispute or a settlement of any kind with the Pacific Club.</u> I was invited as a guest to the Pacific Club several times to play paddle tennis. I also went there few times to eat lunch. Representative of the Pacific Club and/or Pacific Club are neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor do they have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of this witness.

19.    Witness #21 listed in W&R Disclosures is Megan Kau. Ms. Kau is a woman I briefly dated from November 2016 to February 2017. I never had a lawsuit, legal dispute or a settlement of any kind with Ms. Kau. I haven't spoken to Ms. Kau in couple of years. Ms. Kau is neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor does she have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of this witness other than for Defendants to harass me and personally attack me by bringing up my personal life and dating history.

20.    Witness #22 listed in W&R Disclosures is Brandee Faria. Ms. Faria was my landlord from May 2015 until August 2019. I never had a lawsuit,

legal dispute or a settlement of any kind with Ms. Faria. Ms. Faria is neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor does she have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of this witness other than for Defendants to harass me and personally attack me by bringing up my personal life.

21.     Witness #23 listed in W&R Disclosures is Vladimir Sasic. Mr. Sasic and Defendant Revere know each other personally. My very last interaction with Mr. Sasic was when we had a verbal argument over a paddle-tennis match that we both participated in at the Pacific Club in either year 2011 or year 2012. I honestly don't remember whether it was 2011 or 2012, but I know for a fact it was NOT after 2012.  I didn't like Mr. Sasic's line calls during the paddle-tennis match, and he didn't like my comments about his line calls, and about him personally. Needless to say, we are not friends any longer, and I sincerely doubt if we ever were. However, I never had a lawsuit, legal dispute or a settlement of any kind with Mr. Sasic. I have had absolutely NO contact with Mr. Sasic since 2012, at the latest. Mr. Sasic is neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor does he have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of this witness other than for Defendants to harass me and

personally attack me by bringing up my personal life and anyone that I had a dispute with, not matter how small or silly.

22.    Witness #20 listed in W&R Disclosures are Representatives and employees of the Department of the Attorney General, State of Hawaii. I worked at the Department of the Attorney General, State of Hawaii from June 2013 until March 15, 2019 when I left to work for Nan, Inc. I never had a lawsuit, legal dispute or a settlement of any kind with the Department of the Attorney General, State of Hawaii or any of its representatives or employees. Representatives and employees of the Department of the Attorney General, State of Hawaii are neither mentioned in the First Amended Complaint and/or Proposed Second Amended Complaint nor do they have any personal knowledge regarding any of the facts or issues in the above captioned matter. I have no idea as to the relevancy of this witness, other than for Defendants to once again try to harass me by excavating my past.

23.    Witnesses #29 listed in W&R Disclosures are "Any witnesses identified in any and all State Court actions involving Plaintiff". These "witnesses" listed under #29 perhaps paint the most accurate picture of Defendants' true intentions during the upcoming discovery process. They want to excavate my past to harass me and personally attack me, no matter how irrelevant it is to the instant lawsuit.

**24.**   I have twice emailed Mr. Revere (first time on October 23, 2020; and second time on October 27, 2020 - **See Exhibit 25**) asking him about the witness list he submitted in the W&R Disclosures, and the relevancy of the above listed witnesses, specifically Mr. Sasic, Ms. Galiher, CrossFit Hawaii, Ms. Faria and others.

**25.**   Mr. Revere's responses to my inquiry about the witness list and the relevancy of the above listed witnesses were as follows:

> "Aww shucks." ………. Over the course of two meet and confers and the meeting with the court, you indicated your preference for formalized discovery.  While I am loathe to offer anything close to advice to pro se litigants, I suggest you take advantage of that.  We reserve our right to assert our work product privileges."

> AND

> "Do these witnesses make you nervous for some reason?  Given your stated aversion for informal discovery, I'm afraid I can't accommodate you at this time.  Please provide me with formal discovery requests. After you get your complaint straightened out, please."  **See Exhibit 25**

26.   It is obvious from the witnesses (described above) Defendants listed in W&R Disclosures, which have no relevancy to this matter other than to harass me and excavate my personal life, and from Mr. Revere's responses about the relevancy of these witnesses, that Defendants are clearly intending to engage in abusive discovery.

27.   On October 27, 2020, I emailed Mr. Rand inquiring about the discrepancies regarding timing of service and timing of certificate of service of the Defendants Nan and Shin's subpoena duces tecum, but I was ignored. When I asked Mr. Rand for an electronic copy of this subpoena duces tecum, Mr. Rand dismissed me and stated that I will receive a copy in the mail. I didn't receive a copy in the mail until October 30, 2020, 6 days after subpoena was issued and served.

28.   I am expecting the birth of my child any day now. Due date was on October 28, 2020, but the baby has still not come out yet as of the filing of this motion. During these challenging times (covid pandemic), I would like to spend time with my new-born child and the mother, and not have to deal with depositions or answering any discovery requests. First 30-60 days after birth is very crucial and risky, and I would like my attention focused solely on the mother and my child.

I declare under penalty of law that the foregoing is true and correct. Executed in Honolulu, Hawaii on November 2, 2020.

/s/ Bosko Petricevic
BOSKO PETRICEVIC

- 12 -