BOSKO PETRICEVIC          8443
P.O. Box 38
Honolulu, Hawaii 96810
Telephone:  (402) 301-3716
E-mail:      boskopetricevic@hotmail.com

PRO-SE PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK SHIN; RICHARD WILSON; LAW OFFICE OF RICHARD E. WILSON; JOHN DWYER; TERRANCE REVERE; REVERE & ASSOCIATES LLLC; NAN INC., a domestic profit corporation,<br><br>Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br>**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER and FOR ATTORNEY'S FEES AND COSTS; DECLARATION OF BOSKO PETRICEVIC; EXHIBITS; CERTIFICATE OF SERVICE**<br><br>Judge: Honorable Jill A. Otake<br><br>Trial date: December 6, 2021, 9:00 AM |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND FOR ATTORNEY'S FEES AND COSTS

Plaintiff hereby respectfully moves this Honorable Court to issue a protective order postponing depositions of Mr. Rosenbaum and Plaintiff Bosko Petricevic. Lastly, due to Defendants' bad faith in setting these depositions, Plaintiff is seeking Attorney's Fees and Costs for having to file this motion.

## I.      DUTY TO MEET AND CONFER

Prior to filing this motion, Plaintiff has met and conferred with all of the Defendants on October 23, 2020 regarding the issues of scheduling Mr. Rosenbaum's

and Plaintiff's depositions. Plaintiff has discussed with all of the Defendants every request hereby being made in this motion. Plaintiff is filing this motion since he could NOT reach an agreement with the Defendants on any of the issues hereby requested from this Honorable Court to provide relief on. **See Petricevic Declaration.**

## II.     ARGUMENT

### A.     Mr. Rosenbaum's and Plaintiff's deposition should be postponed

On November 2, 2020, Plaintiff has filed his Motion to Stay Discovery, Appoint Discovery Master, and Request for Attorney's fees and Costs. In that motion, Plaintiff has laid out in detail all the facts that occurred before and after Mr. Rosenbaum's and Plaintiff's depositions were scheduled. Plaintiff will herein only summarize the important facts. In short, prior to scheduling Mr.Rosenbaum's and Plaintiff's depositions, Defendants have engaged in a bad faith conduct, and have engaged in abusive scheduling of depositions.

Plaintiff sent an email on October 19, 2020 at 10:42 AM to Counsels Wilson, Revere and Rand (counsels for all of the Defendants) listing seven (7) issues Plaintiff wanted to discuss during the required meet and confer. **See Exhibit 1.** Among others, Plaintiff wanted to discuss the following issues specifically:

1.     Delaying all depositions and all discovery until at least November 30, 2020; a

2.     Delaying Plaintiff's deposition until after court-ordered mediation is held in February of 2021;

- 2 -

Subsequently, parties have held their **meet and confer conference on October 23, 2020 at 9:30 am**.  **See Petricevic Declaration.**

Now, if the parties were to engage in good faith meet and confer conference scheduled for **October 23, 2020 at 9:30**, Defendants should have NOT taken any actions regarding the issues Plaintiff wanted to discuss during this meet and confer conference, which included scheduling depositions of Mr. Rosenbaum and Plaintiff.  **See Exhibit 1.** This course of action would imply that Defendants had no intention on listening to anything Plaintiff had to say during the meet and confer since they have already made their decision and scheduled the depositions of Mr. Rosenbaum and Plaintiff. Unfortunately, this is exactly what happened.

On October 20, 2020 (at 9:46 am), and without waiting to hear from Mr. Rosenbaum about his availability, Defendants Wilson and Revere went ahead and scheduled a deposition (and issued a subpoena for same) of Mr. Rosenbaum for November 5, 2020. **See Exhibit 9.**  Mr. Rosenbaum promptly notified the Defendants Wilson and Revere few minutes later by email on October 20, 2020 at 9:58 am - **See Exhibit 10** - that he was not available on November 5, 2020. Few minutes later, on October 20, 2020 at 10:04 am, Defendants Wilson and Revere attempted to re-schedule Mr. Rosenbaum's deposition for November 13, 2020. **See Exhibit 11.**

In response to this, Plaintiff, 3 times, on October 20, 2020 at 10:06 am - **See Exhibit 12**, on October 20, 2020 at 10:08 am -  **See Exhibit 13**, and again on October 20, 2020 at 10:28 am - **See Exhibit 13**, emailed the Defendants notifying them that he is not available

on November 13, 2020 due to the already explained reasons (birth of his child around that date - **See Exhibit 1)** and making clear to Defendants that scheduling of any depositions is subject to meet and confer conference which Plaintiff already requested on October 19, 2020. **See Exhibit 13.**

Sadly, Plaintiff's pleas to the Defendants Wilson and Revere to wait and discuss these issues during the meet and confer conference fell on deaf ears. This Honorable Court can judge Defendants Wilson and Revere's responses for itself.  **See Exhibits 14-15.** Perhaps the most telling response about what Defendants Wilson and Revere really thought about the meet and confer conference, and scheduling depositions, came from Defendant Wilson when he said the following in an email sent to Plaintiff on October 20, 2020 at 10:39 am:

> **"Bosko -- Enough, read the rules.  We do not need to meet and confer with you to set a deposition….. "**

**See Exhibit 15.**

Needless to say, it doesn't take a genius to figure out what happened next. On October 20, 2020 at 10:46 am, Defendants Wilson and Revere went ahead and re-scheduled a deposition (and issued a subpoena for same) of Mr. Rosenbaum for November 13, 2020. **See Exhibit 16.**

However, this sort of bad-faith behavior by the Defendants did not stop there. **In an extraordinary attempt to really prove his point that he can do whatever he wants, and schedule depositions whenever and however he wants** (meet and confer conferences and

- 4 -

discovery rules be damned), Defendant Revere, <u>on October 20, 2020 at 11:09 am</u>, sent a following email to Mr. Rosenbaum where he stated the following:

> **"Also, Joe, would you want to do your deposition at noon today and just get it over with?"**

**<u>See Exhibit 17.</u>**

In other words, <u>on less than a one-hour notice</u>, Defendant Revere attempted to re-schedule an already scheduled deposition (for November 13, 2020 with the subpoena being issued for same - **See Exhibit 16**) for October 20, 2020 "at noon".  Naturally, on October 20, 2020 at 11:33 am, Mr. Rosenbaum declined Defendant Revere's "deposition over lunch" offer since he already had other obligations. **See Exhibit 18.**

Plaintiff, on the other hand, didn't even see this Defendant Revere's October 20, 2020, 11:09 am "deposition over lunch" email until later that day, which means that Plaintiff could have missed a deposition in his own case if Defendant Revere was successful (if Mr. Rosenbaum agreed) in scheduling a deposition over lunch on less than one-hour notice.

Is Plaintiff supposed to check his email every 20 minutes just in case Defendant Revere might schedule a deposition over lunch, especially during the time when Plaintiff is awaiting the birth of his child? Or should the Plaintiff just listen to Defendant Revere's "advice" provided in Defendant Revere's email sent on October 20, 2020 at 10:27 am when Defendant Revere stated the following:

> "As long as that date works for Richard and Richard, we will proceed with Joe's [Rosenbaum] deposition on the 13th. **You need not attend if you do not wish to do so."**

Emphasis added.

**See Exhibit 14.**

It is obvious from these emails sent by Defendants Wilson and Revere that they think they do not need to engage in good faith meet and confer, and that they can just schedule depositions anytime they want since Plaintiff does "need not attend".

Anyways, the bad faith regarding the meet and confer and scheduling depositions did not stop at the above described events. On October 21, 2020 at 11:14 am (2 days prior to the meet and confer conference scheduled to be held on October 23, 2020) Defendants Wilson and Revere went ahead and scheduled the deposition of the Plaintiff for December 1, 2020. **See Exhibit 19.**

Despite the scheduling of Plaintiff's deposition also being subject to meet and confer as pursuant to an email Plaintiff sent on October 19, 2020 at 10:42 AM (Exhibit 1 - item #4 in this email which proposed to delay Plaintiff's deposition until after court ordered mediation was held in February of 2021), Defendants Wilson and Revere once again ignored their duty to meet and confer in good faith and went ahead and took decisive action regarding the issue parties were supposed to meet and confer.

Once again, Plaintiff sent an email to Defendants (on October 21, 2020 at 1:09 pm) imploring and pleading with them to engage in good faith meet and confer scheduled for October 23, 2020. Plaintiff additionally explained to Defendants his concerns over Defendants' actions over the last 2 days and made clear to the Defendants that scheduling

of any depositions was subject to meet and confer which Plaintiff already requested on October 19, 2020. **See Exhibit 20**

Sadly, and once again, Plaintiff's pleas to the Defendants Wilson and Revere fell on deaf ears. This Honorable Court can judge Defendants Wilson's response for itself.  **See Exhibit 21**

After all of the above described events, it doesn't take a genius to predict the result of the meet and confer conference parties held on October 23, 2020. During the October 23, 2020 meet and confer conference, Parties have NOT reached an agreement on when to schedule depositions of Mr. Rosenbaum and Plaintiff since Defendants have already scheduled them few days earlier. **See Petricevic Declaration.**

During the meet and confer conference, Plaintiff explained to Defendants that his first child is due to be born on or after October 28, 2020 (doctor-specified due date – baby is still not born as of the filing of this motion) and that he would like to just focus on his first-born child in these tough times (covid pandemic), and that he didn't want to worry about anything else during the baby's first 30 days or so. However, Defendants dismissed Plaintiff's pleas and decided to stick with their already scheduled dates. **See Petricevic Declaration.**

There are two very simple reasons why depositions of Mr. Rosenbaum and Plaintiff (scheduled for November 13, 2020, and December 1, 2020 respectively) should be postponed.

First reason is that Plaintiff is expecting the birth of his child any day now. Due date was on October 28, 2020, but the baby has still not come out yet as of the filing of this motion. Plaintiff and his girlfriend are having many doctor's appointments during the next few days while they are awaiting the birth of their child, and holding a deposition on November 13, 2020 (Mr. Rosenbaum's deposition), which would rob Plaintiff of his precious time with his new-born child, would just be downright abusive. During these challenging times (covid pandemic), Plaintiff would like to spend time with his new-born child and the mother, and not have to deal with depositions. First 30-60 days after birth is very crucial and risky and Plaintiff would like his attention focused solely on the mother and the child. **See Petricevic Declaration**

In any other case, this sort of courtesy would be routinely granted and depositions would be postponed. Plaintiff is seeking to postpone Mr. Rosenbaum's deposition until at least early December, but preferably until the end of the calendar year 2020.

Another reason for postponement of Mr. Rosenbaum's (who is a lawyer and who represents Plaintiff in the related state lawsuit Plaintiff has against Defendants Nan and Shin) and  Plaintiff's deposition (scheduled for December 1, 2020) is Judge Ashford's Order. **See Judge Ashford's Order.**

Plaintiff is currently engaged in **global settlement discussions** with Defendants Nan, Inc. and Shin **that includes this federal lawsuit as well**. In fact, Honorable Judge Ashford, presiding judge in Bosko Petricevic v. Nan, Inc., et al; Civil No. 1CCV-19-2008 (JHA) – related state lawsuit currently pending in the Circuit Court of the First

- 8 -

Circuit, State of Hawaii between Plaintiff and Defendants Nan, Inc. and Shin, **has frozen all court proceedings, including any and all discovery**, pending completion of the court ordered mediation scheduled for February of 2021. **See Judge Ashford's Order.**

There is a good reason why Judge Ashford <u>has frozen all court proceedings, including any and all discovery</u> in the State lawsuit which originates out of same set of facts as this Federal lawsuit does. Judge Ashford didn't want to complicate settlement efforts with parties incurring needless costs and fees by engaging in unnecessary discovery. The fact of the matter is that Plaintiff and Defendants Shin and Nan, Inc. were very close to reaching a settlement agreement during the settlement conference that the Judge Ashford felt prudent enough to order a mediation and freeze any and all further court proceedings, including discovery. **Settlement will include this federal lawsuit as well.**

Judge Ashford's order regarding freezing discovery would be rendered hollow and meaningless if Plaintiff's deposition was permitted in this case prior to February of 2021. It would be prudent, and in the interest of judicial efficiency, and promoting settlement, to honor the Judge Ashford's order and postpone Plaintiff's deposition in this case until mediation is completed in February of 2021.

Waiting until February of 2021 to depose the Plaintiff is not going to unduly prejudice any parties, especially during the time of Covid-19 pandemic. There is also a good chance that there will be a lot more clarity regarding Covid-19 pandemic by February

2021 which could only make arranging depositions and other discovery easier. The picture

will be much clearer after the February of 2021 mediation.

**B.**   **Attorney's Fees and Costs should be granted to Plaintiff for filing this Motion**

Pursuant to Rules 26 and 37 of the FRCP, and due to Defendants' bad faith conduct

and being completely unreasonable in their scheduling of depositions, this Court should

grant Plaintiff his attorney's fees and costs for bringing this motion. If Defendants did not

engage in bad faith conduct and have been even little more cooperative, this motion would

have been unnecessary. As such, attorney's fees and costs are appropriate.

### III.   CONCLUSION

Based on the above, Plaintiff is respectfully asking this Honorable Court to grant

this instant motion in its entirety.

DATED:  Honolulu, Hawaii; November 3, 2020.

/S/ *BOSKO PETRICEVIC*
BOSKO PETRICEVIC
PRO-SE PLAINTIFF

- 10 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK SHIN; RICHARD WILSON; LAW OFFICE OF RICHARD E. WILSON; JOHN DWYER; TERRANCE REVERE; REVERE & ASSOCIATES LLLC; NAN INC., a domestic profit corporation,<br><br>Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER and FOR ATTORNEY'S FEES AND COSTS** in the above-entitled action was duly served electronically through the Hawaii Judiciary CM/ECF and also via email, on November 3, 2020, on the following counsel of record and/or parties:

1.    Terrance Revere

      Revere & Associates LLLC
      Pali Palms Plaza
      970 North Kalaheo Ave., Suite A301
      Kailua, HI 96734
      808-791-9550
      terry@revereandassociates.com

ATTORNEY FOR DEFENDANTS

- 11 -

Richard Wilson
Law Office of Richard E. Wilson


2.      LAW OFFICES OF RICHARD E. WILSON, LLC
        RICHARD E. WILSON
        5614 735 Bishop St., Suite 306
        Honolulu, Hawaii 96813
        Tel. No. (808) 545-1311
        rewilson_law@yahoo.com

                ATTORNEY FOR DEFENDANTS
                Terrance Revere
                Revere & Associates LLLC

3.      Richard M. Rand
        Marr Jones & Wang LLP
        Pauahi Twr.
        1003 Bishop St
        Ste. 1500
        Honolulu, HI 96813
        (808) 536-4900
        rrand@marrjones.com

                ATTORNEYS FOR DEFENDANTS
                Patrick Shin
                NAN INC., a domestic profit corporation,


DATED: Honolulu, Hawaii; November 3, 2020.



                                /S/ *BOSKO PETRICEVIC*
                                BOSKO PETRICEVIC
                                PRO-SE PLAINTIFF

- 12 -