BOSKO PETRICEVIC          8443
P.O. Box 38
Honolulu, Hawaii 96810
Telephone:  (402) 301-3716
E-mail:      boskopetricevic@hotmail.com

PRO-SE PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK SHIN; RICHARD WILSON; LAW OFFICE OF RICHARD E. WILSON; JOHN DWYER; TERRANCE REVERE; REVERE & ASSOCIATES LLLC; NAN INC., a domestic profit corporation,<br><br>Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HIS (1) MOTION TO STAY DISCOVERY, APPOINT DISCOVERY MASTER AND REQUEST FOR ATTORNEY'S FEES AND COSTS; AND (2) MOTION FOR PROTECTIVE ORDER and FOR ATTORNEY'S FEES AND COSTS; DECLARATION OF BOSKO PETRICEVIC; EXHIBIT – JUDGE ASHFORD'S ORDER; CERTIFICATE OF SERVICE**<br><br>Judge: Honorable Jill A. Otake<br><br>Trial date: December 6, 2021, 9:00 AM |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS (1) MOTION TO STAY
DISCOVERY, APPOINT DISCOVERY MASTER AND REQUEST FOR
ATTORNEY'S FEES AND COSTS; AND (2) MOTION FOR PROTECTIVE
ORDER AND FOR ATTORNEY'S FEES AND COSTS**

Plaintiff hereby respectfully submits Reply in Support of his (1) Motion To Stay

Discovery, Appoint Discovery Master and Request for Attorney's Fees and Costs

("Motion to Stay); AND (2) Motion for Protective Order and for Attorney's Fees and

Costs ("MPO"). This filing will serve as a reply in support of both Plaintiff's (1) Motion

to Motion Stay and (2) MPO to all of the Defendants.

## I.     <u>INTRODUCTION</u>

In their oppositions, Defendants have either completely failed to address

Plaintiff's arguments or they have completely missed the point. Instead, Defendants

argue following:

(1)     Defendants don't have to meet and confer before engaging in discovery;

(2)     Plaintiff is alleging bad faith simply because he didn't get what he wanted during the meet and confer conference held on October 23, 2020;

(3)     Defendants didn't do anything wrong regarding listing of all the irrelevant witnesses in the Defendants Wilson and Revere's Initial Disclosures since Plaintiff can simply file appropriate motions to deal with such irrelevant witnesses;

(4)     Defendants didn't do anything wrong regarding delaying the Plaintiff from seeing the issued subpoena duces tecum since Plaintiff was able to eventually find about the subpoena through other means and therefore no harm -no foul;

AND

(5)     Staying discovery is not appropriate since Defendants need to defend themselves immediately and any delay is prejudicial to them.

In short, for the below stated reasons, these arguments don't have any merit.

## II.     <u>ARGUMENT</u>

**1. <u>Defendants engaged in bad faith meet and confer prior to Plaintiff filing this instant Motion and have engaged in abusive scheduling of depositions</u>**

First of all, none of the Defendants addressed a single fact listed by the Plaintiff in his Motion to Stay regarding the timeline and chronology of events that occurred between October 19, 2020, 10:42 AM – time when Plaintiff sent an email to all of the Defendants listing 7 issues Plaintiff wanted to discuss during the required meet and confer (**See Exhibit 1** attached to Motion to Stay) – and October 23, 2020 – the day when the meet and confer conference was held.  As such, Defendants acknowledge that those facts and its chronology are all true.

Instead of explaining their conduct (including the conduct of trying to re-schedule a deposition over lunch on a less than 1-hour notice - **See Exhibit 13**), Defendants argue that they didn't have to meet and confer before engaging in discovery, and that Plaintiff is only alleging bad faith because he didn't get what he wanted during the meet and confer conference held on October 23, 2020.

To be clear, Plaintiff never argued that Defendants engaged in bad faith simply because they didn't engage in meet and confer before engaging in discovery, or because Plaintiff didn't get what he wanted during the meet and confer conference. Of course not. As a general rule, Defendants are right. They don't have to meet and confer before engaging in discovery after Rule 16 conference is held. Defendants are also right that it is not bad faith simply because there is no agreement during the meet and confer.

However, this is not what the Plaintiff is arguing. In fact, Plaintiff's argument is fairly simple. If the parties were to engage in good faith meet and confer conference scheduled for **October 23, 2020 at 9:30**, Defendants should have NOT taken any actions

- 3 -

prior to this conference being held regarding the issues Plaintiff wanted to discuss during

the meet and confer conference when Plaintiff notified Defendants that he intends to file his

Motion to Stay on October 19, 2020. **See Exhibit 1.**

After all, how can the parties meet and confer in good faith if Defendants, prior to the

October 23, 2020 conference, already make their decisions and schedule depositions and/or

serve discovery requests on Plaintiff? Why should the Plaintiff wait to file his Motion to

Stay after the Defendants already took decisive actions regarding issues to be met and

conferred about? It is obvious from their actions that the Defendants have already made up

their minds prior to the conference, and that the meet and confer conference was not going

to be anything more than a formality, which proved to be true. This is what constituted bad

faith.

Further, Defendants Revere and Wilson claim in their opposition that they have given

serious consideration to Plaintiff's proposals regarding scheduling depositions. But this is

simply not true.

On October 20, 2020, Plaintiff emailed the Defendants notifying them that he is not

available on November 13, 2020 for Mr. Rosenbaum deposition due to the already

explained reasons (birth of his child around that date). Plaintiff even offered alternative date

for Mr. Rosenbaum's deposition - November 30, 2020. **See Exhibit 12**. But Defendants

completely ignored this suggestion and went ahead and scheduled a deposition for

November 13, 2020.

How can the Defendants claimed that they have given the serious consideration to Plaintiff's proposal regarding postponing the deposition because of the birth of Plaintiff's child when they couldn't even grant 17 day postponement?

In fact, if one looks at the Defendants Wilson and Revere's **Exhibits 1 and 3** attached to their opposition, it is obvious why they were so inflexible with their scheduling. They were hoping to pressure Plaintiff into dropping the lawsuit with abusive scheduling. Every single time Plaintiff requested flexibility regarding the scheduling, Defendants answered with the proposal that Plaintiff should just drop the lawsuit if he wants postponement. See **Exhibits 1 and 3 attached to Defendants Wilson and Revere's opposition.**

Unsurprisingly, the only thing parties managed to agree on during the meet and confer conference was the only thing Defendants did not already take decisive action on - which was delaying any deposition of anyone from proposed Defendants Clay Chapman Iwamura Pulice & Nervell law firm. This was the only thing Defendants Wilson and Revere did not act upon prior to the meet and confer conference.

In conclusion, as explained above, Defendants have engaged in bad faith meet and confer prior to Plaintiff filing this instant Motion, and have also engaged in abusive scheduling of depositions. Plaintiff doesn't want to be filing motions with the Court every time Defendants engage in one of these abuses. The most efficient way of dealing with these abuses by Defendants is appointment of Discovery Master to manage the discovery process.

**2.** **<u>Defendants Wilson and Revere are engaging and intending to engage in abusive discovery designed to harass and personally attack the Plaintiff as evidenced by irrelevant witnesses that Defendants Wilson and Revere named in their Initial Disclosures</u>**

Defendants have completely failed to rebut the detailed description of all of the witnesses Plaintiff described in his Motion to Stay that were listed in the Initial Disclosures filed by Defendants Wilson and Revere. **<u>See W&R Disclosures</u>**

That means that the Defendants agree with Plaintiff's description of these witnesses and their complete irrelevancy. Since that is true, the question remains. Why were they listed? Answer is simple. Defendants are intending to turn this lawsuit into a smear campaign and gigantic circus designed to embarrass and humiliate Plaintiff, instead of to simply defend this lawsuit on its merits.

In fact, during the November 5, 2020 meet and confer conference regarding the Initial Disclosures, Defendant Revere admitted to Plaintiff that these witnesses have NO relevant information other than to smear Plaintiff and to prove he is a guy with many enemies. **<u>See Petricevic Declaration.</u>**

Defendants Wilson and Revere's explanation in their opposition to listing these witnesses in their Initial Disclosures is that if Plaintiff doesn't think they are relevant, he can file appropriate motions. This answer by the Defendants is exactly Plaintiff's point. Plaintiff and this Honorable Court should not waste time and money dealing with ridiculous motions (in limine or for protective order) every time Defendants decide to depose one of Plaintiff's ex-girlfriends, landlords, former gyms that Plaintiff attended 5

years ago, or some guy Plaintiff played paddle tennis 9 years ago. **See Petricevic**

**Declaration attached to his Motion to Stay.** This is simply ridiculous.

And then to further prove Plaintiff's point regarding the attempted smear

campaign, Defendants Wilson and Revere have attached **Exhibits 4-6** to their

opposition. What do these exhibits have anything to do with this motion or this lawsuit

other than for Defendants to continue engaging in a smear campaign against the

Plaintiff? This Honorable Court can see just from these **Exhibits 4-6** (attached to

Defendants opposition) where this lawsuit is heading.

It is obvious from the witnesses described in Plaintiff's Motion to Stay and

**Exhibits 4-6** attached to Defendants opposition - which have no relevancy to this matter

other than to harass Plaintiff and excavate his personal life - and from Defendant

Revere's responses about the relevancy of these witnesses, that Defendants Wilson and

Revere are clearly intending to engage in abusive discovery designed for the sole

purpose of personally attacking Plaintiff and excavating his personal life, dating history,

paddle-tennis disputes history, gym history, and anyone that Plaintiff had a dispute with,

not matter how small or silly.

Plaintiff doesn't want to be filing motions with the Court every time Defendants

attempt to depose any of these irrelevant witnesses. The most efficient way of dealing

with these intended abuses by Defendants is appointment of Discovery Master to

manage the discovery process.

**3. Defendants Nan, Inc and Shin have attempted to delay Plaintiff from seeing a Subpoena Duces Tecum by NOT notifying the Plaintiff about the issued subpoena, and then subsequently filing a misleading certificate of service.**

The last reason why Plaintiff is requesting appointment of the Discovery Master and for Defendants to pay for all of the Discovery Master's services is Defendants Nan, Inc and Shin's less than honest handling of the subpoena process, failing to properly notify the Plaintiff of such subpoena, and timely file the accurate certificate of service.

Once again, Defendants do not address the actual merits of the Plaintiff's argument, but simply claim that Defendants didn't do anything wrong regarding delaying the Plaintiff from seeing the issued subpoena duces tecum since Plaintiff was able to eventually find about the subpoena through other means and therefore no harm - no foul. This argument missed the point entirely.

Plaintiff shouldn't have to chase Defendants around regarding any filed or issued subpoenas and/or be delayed from seeing them in timely fashion. Perhaps next time Plaintiff will not be so lucky, and he will be actually delayed from properly and timely objecting to the subpoena because Defendants refused and/or failed to timely notify him of such subpoena. This conduct by the Defendants must stop.

In conclusion, as explained above, Defendants have engaged in bad faith meet and confer prior to Plaintiff filing this instant Motion, and have engaged in abusive scheduling of depositions. Defendants are also attempting to turn this lawsuit, and its discovery process into a vehicle to abuse and humiliate Plaintiff by digging through his personal life, dating history, paddle-tennis disputes history, gym history, and any history

where Plaintiff had a dispute with, not matter how small or silly. Lastly, Defendants are even going so far to delay Plaintiff from seeing or knowing about the served subpoenas in hopes he cannot timely object to them if necessary.

Plaintiff doesn't have the time or resources to run to Court every time one of these abuses happen. And judging from the events so far, these abuses will not stop. The most efficient way of dealing with these abuses by Defendants is appointment of Discovery Master to manage the discovery process. Since Defendants are solely responsible for these abuses and necessity of the Discovery Master, it is only fair if they bear the brunt of the entire cost of the Discovery Master's services.

**4. <u>Discovery in this lawsuit should be stayed</u>**

Plaintiff's first child has just been born on November 6, 2020. Needless to say, this is a very special, but also extremely busy and sensitive time in Plaintiff's life, especially during the COVID-19 time. This coupled with Plaintiff's full-time job, it doesn't leave much free time, if at all. Plaintiff is simply asking for couple of months delay until the child is little older and can be placed on a more regular sleeping schedule, instead of feeding and changing diapers every few hours. **<u>See Petricevic Declaration.</u>** This is not an unreasonable request, especially this early in the lawsuit. In any other case, this sort of courtesy would be routinely granted and discovery and depositions would be postponed.

Therefore, Plaintiff is seeking to postpone Mr. Rosenbaum's deposition until at least early December, but preferably until the end of the calendar year 2020.

As far as the rest of the discovery, including the deposition of the Plaintiff and other discovery requests, it should be postponed until after February 2021 mediation to honor and comply with Judge Ashford's Order. **See Judge Ashford's Order.**

Judge Ashford's order would be rendered hollow and meaningless if discovery is permitted before the mediation is completed. In that spirit, Plaintiff proposes that, after mediation is completed in February of 2021, all remaining parties meet and confer again and discuss the discovery issues and plan on how to proceed forward. This would be the most efficient and prudent course of action since this lawsuit will be much clearer as to the remaining relevant issues after February 2021 mediation.

5. **Attorney's Fees and Costs should be granted to Plaintiff for filing this Motion**

Pursuant to Rules 26 and 37 of the FRCP, this Court has wide discretion in issuing penalties and/or fees and costs during the discovery process. There is a split legal authority regarding whether pro-se litigants are entitled to fees.  However, all the case law listed by the Defendants doesn't deal with the issue at hand. Plaintiff is not seeking the attorney's fees and costs as a prevailing party in this litigation, but he is seeking fees and costs as a future deterrent to the Defendants from engaging in further conduct as described above.

If there is no financial deterrent, what is stopping the Defendants from engaging in more behavior similar to the behavior describe above? Plaintiff is simply asking for an order granting some sort of financial relief and deterrent in order to compensate Plaintiff for

taking time to file this unnecessary motion and discourage Defendants from engaging in future similar behavior.

## III.   CONCLUSION

Based on the above, Plaintiff is respectfully asking this Honorable Court to grant these instant motions in their entirety.

DATED:  Honolulu, Hawaii; November 13, 2020.

/S/ *BOSKO PETRICEVIC*
BOSKO PETRICEVIC
PRO-SE PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>       Plaintiff,<br><br>  vs.<br><br>PATRICK SHIN; RICHARD WILSON; LAW OFFICE OF RICHARD E. WILSON; JOHN DWYER; TERRANCE REVERE; REVERE & ASSOCIATES LLLC; NAN INC., a domestic profit corporation,<br><br>       Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HIS (1) MOTION TO STAY DISCOVERY, APPOINT DISCOVERY MASTER AND REQUEST FOR ATTORNEY'S FEES AND COSTS; AND (2) MOTION FOR PROTECTIVE ORDER AND FOR ATTORNEY'S FEES AND COSTS** in the above-entitled action was duly served electronically through the Hawaii Judiciary CM/ECF and also via email, on November 13, 2020, on the following counsel of record and/or parties:

1.    Terrance Revere

    Revere & Associates LLLC
    Pali Palms Plaza
    970 North Kalaheo Ave., Suite A301
    Kailua, HI 96734
    808-791-9550

- 12 -

terry@revereandassociates.com

ATTORNEY FOR DEFENDANTS
Richard Wilson
Law Office of Richard E. Wilson

2.      LAW OFFICES OF RICHARD E. WILSON, LLC
        RICHARD E. WILSON
        5614 735 Bishop St., Suite 306
        Honolulu, Hawaii 96813
        Tel. No. (808) 545-1311
        rewilson_law@yahoo.com

ATTORNEY FOR DEFENDANTS
Terrance Revere
Revere & Associates LLLC

3.      Richard M. Rand
        Marr Jones & Wang LLP
        Pauahi Twr.
        1003 Bishop St
        Ste. 1500
        Honolulu, HI 96813
        (808) 536-4900
        rrand@marrjones.com

ATTORNEYS FOR DEFENDANTS
Patrick Shin
NAN INC., a domestic profit corporation,

DATED: Honolulu, Hawaii; November 13, 2020.

/S/ *BOSKO PETRICEVIC*
BOSKO PETRICEVIC
PRO-SE PLAINTIFF

- 13 -