BOSKO PETRICEVIC        8443
P.O. Box 38
Honolulu, Hawaii 96810
Telephone:  (402) 301-3716
E-mail:        boskopetricevic@hotmail.com

PRO-SE PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK SHIN; RICHARD WILSON; TERRANCE REVERE; NAN INC., a domestic profit corporation,<br><br>Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br>SECOND AMENDED COMPLAINT; JURY DEMAND; CERTIFICATE OF SERVICE<br><br>Judge: Honorable Jill A. Otake<br><br>Trial date: December 6, 2021, 9:00 AM |

**SECOND AMENDED COMPLAINT**

Plaintiff BOSKO PETRICEVIC ("Plaintiff"), Pro-Se, hereby brings his

SECOND AMENDED Complaint against Defendants PATRICK SHIN, RICHARD

WILSON, TERRANCE REVERE and NAN, Inc. ("Defendants") and alleges and states as

follows:

**PARTIES**

1.     At all times relevant herein, Plaintiff Bosko Petricevic ("Plaintiff") is a

resident of Honolulu, Hawaii. Further, Bosko Petricevic is a State of Hawaii licensed

attorney that was employed by the Hawaii law firm of Clay Chapman Iwamura Pulice &

Nervell.

2.      At all times relevant herein, Defendant PATRICK SHIN ("Defendant Shin") is a resident of the City and County of Honolulu, State of Hawaii, and owner of Nan, Inc. - Hawaii construction company, who still lives in Honolulu, Hawaii.

3.      At all times relevant herein, Defendant Richard Wilson ("Defendant Wilson") is a State of Hawaii licensed attorney and a resident of Honolulu, Hawaii who still lives in Honolulu, Hawaii.

4.      At all times relevant herein, Defendant Terrance Revere ("Defendant Revere") is a State of Hawaii licensed attorney and a resident of Honolulu, Hawaii who still lives in Honolulu, Hawaii.

5.      At all times relevant herein, Defendant NAN, Inc. ("NAN") is an employer within the meaning of Title VII.  NAN's principal place of business is in Honolulu, Hawai'i.

6.      Upon information and belief, and at all times relevant herein, NAN's employees, agents and/or representatives, were acting within the course and scope of their duties as employees, agents and/or representatives of NAN; therefore, NAN is liable for the intentional and/or tortious and/or wrongful conduct of said employees, agents and/or representatives pursuant to the doctrine of Respondeat Superior and/or principles of Agency.

7.      All events done by all of the above-named Defendants described herein occurred within the City and County of Honolulu, State of Hawaii, and within the jurisdiction and venue of United States District Court for the District of Hawaii.

## NATURE OF THE CASE

8.      The basis of this case are violations and conspiracy to interfere and violate Plaintiff's civil rights by all of the Defendants under 42 U.S.C. § 1985(2) as it relates to Plaintiff's enforcement of his legal rights resulting from wrongful termination from his employment at NAN for being a whistleblower and for complaining about the discrimination he experienced at NAN. It also involves violation of Title VII (42 U.S.C. § 2000e, et seq.) by NAN against Plaintiff. It is also involves wrongful interference with the contractual relations by Defendants against the Plaintiff.

### JURISDICTION AND VENUE

9.      Subject matter jurisdiction is proper under 28 U.S.C. § 1331 since it involves federal question. All of the Plaintiff's claims arise under **federal** law, specifically 42 U.S.C. § 1985(2) and Title VII (42 U.S.C. § 2000e, et seq.), including the U.S. Constitution.

10.      Jurisdiction is also proper under 28 U.S.C. § 1367 – which grants federal courts supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

11.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c), since all of the events or omissions giving rise to the claims occurred in this district.

12.    Personal jurisdiction is proper in this Court because all of the above-named Defendants have minimum contacts with the State of Hawaii because all of the Defendants live and do business in State of Hawaii and as such have direct contact with the State of Hawaii. All of the Defendants and Plaintiff are residents of Hawaii.

13.    Lastly, Plaintiff has exhausted his administrative remedies in EEOC No. 486-2019-00542 when EEOC and HCRC have granted Plaintiff to pursue a court action.

## FACTUAL BACKGROUND

14.    Plaintiff is a forty (40) year old Serbian man who speaks with a heavy accent when speaking in English.

15.    Plaintiff is a licensed attorney who has been practicing in the area of employment law and other general civil litigation for many years.

16.    Plaintiff was hired by NAN on March 18, 2019 as an In-House Litigation Counsel.

17.    During his three (3) months employment with NAN, Plaintiff repeatedly complained of, reported and refused to participate in illegal activities at NAN committed by NAN and its owner Defendant Shin.

18.    Plaintiff also complained of blatant and ongoing discrimination he experienced during his employment at NAN because of his ethnicity and national origin.

19.    These reports of illegal activities at NAN and Plaintiff's refusal to engage in illegal activities were reported to NAN's owner and upper managers.

20.    NAN's discrimination towards Plaintiff was also reported to NAN's

- 4 -

owner and upper managers.

21.    On or about April 10, 2019, Nick Flores (Vice President of NAN) physically attacked Plaintiff and grabbed Plaintiff's hand in front of Defendant Shin (Owner of NAN), Wyeth Matsubara (Vice President of NAN) and Trevor Tamashiro (another NAN In-House counsel). They all witnessed this.

22.    Mr. Flores attacked Plaintiff because he didn't like a legal opinion Plaintiff was giving to NAN in warning Defendant Shin not to engage in blackmail.

23.    Plaintiff warned Defendant Shin not to engage in a blackmail scheme against Thomson Metal Fabrics (TMF) for the sole purpose of obtaining leverage in civil litigation against TMF.

24.    Defendant Shin and Mr. Flores came up with a scheme to try to blackmail TMF and threaten to report TMF to the federal authorities unless TMF was willing to pay monetary damages to NAN.

25.    When Plaintiff explained the highly illegal nature of such a scheme, Mr. Flores physically grabbed Plaintiff and told him to shut up.

26.    When Plaintiff complained of the physical attack by Mr. Flores to Defendant Shin, as owner of the company, who witnessed this physical act (other witness were Mr. Matsubara and other in-house counsel, Trever Tamashiro) Defendant Shin doubled down and engaged in further hostile and discriminatory behavior that included making insults about Plaintiff 's national origin.

27.    Defendant Shin told Plaintiff that he is "too sensitive" and "worse

- 5 -

than the Americans" meaning "Serbians" are sensitive and weak.

28. Nothing was done to either rectify this physical assault, reprimand Mr. Flores or offer any sort of apology for the physical assault that Plaintiff just suffered at the hands of one of the executives of the company.

29. Things only got worse from there.

30. This incident happened in Mr. Matsubara's office.

31. Plaintiff had to physically free himself from Mr. Flores.

32. Plaintiff immediately complained to Defendant Shin and Mr. Matsubara that this physical attack and subsequent discriminatory comments were beyond inappropriate.

33. Defendant Shin told Plaintiff that he was weaker, more sensitive and worse than Americans and that Plaintiff should shut up and get over it.

34. Later that day, Mr. Matsubara sent Plaintiff an email stating that Plaintiff should not give Mr. Flores reasons to attack Plaintiff.

35. Nothing was done as a result of Plaintiff's complaints against Mr. Flores and against Defendant Shin's discriminatory comments.

36. Plaintiff was forced to continue working alongside Mr. Flores and Defendant Shin.

37. Neither Defendant Shin or Mr. Flores were disciplined, and Plaintiff's complaints were not investigated.

38. However, Defendants Shin's discriminatory behavior and comments

- 6 -

did not stop at this incident and continued throughout Plaintiff's employment.

39.     In Plaintiff's less than three (3) months with NAN, Plaintiff had at least four (4) private conversations with Defendant Shin where Plaintiff either reported illegal behavior at NAN or refused to participate as NAN's attorney in illegal actions at NAN.

40.     The following are the concerns Plaintiff raised with Defendant Shin from April 2019 to June 2019:

a. Plaintiff told Defendant Shin not to try and cheat HART by trying to double dip and collect against HART and then turn run around and collect against the subcontractor. Defendant Shin had asked Plaintiff to do this and make these claims against the subcontractor and not disclose the claims to HART. Plaintiff refused, at which point Defendant Shin threatened Plaintiff with termination and directed ethnic insults towards Plaintiff.

b. Plaintiff also expressed concerns that NAN and Defendant Shin were engaging in expressing inconsistent and dishonest positions in making claims against both TMF and HART for the sole purpose of monetary gain. When Plaintiff expressed his concerns regarding the, at minimum unethical behavior and attempt at double dipping at the expense of taxpayers, once again he was faced with verbal abuse, ethnic slurs, retaliation and his job security was threatened.

c. Plaintiff told Defendant Shin not to cheat on the section 801 of the federal contracting law where small business is favored by NAN trying to set up a shell company and then trying to use the shell company to gain a federal contract. Plaintiff repeatedly warned Defendant Shin to stop, and once again Defendant Shin responded with threats, hostile behavior and ethnic slurs.

d. Plaintiff also openly complained about Defendant Shin's illegal schemes in obtaining federal government contracts. Plaintiff expressed concerns to Mr. Matsubara and Defendant Shin that their mentor-protégé program for the purposes of obtaining federal contracts might be illegal and might result in the violation of federal laws since Plaintiff believed that this mentor-

protégé program was *not* an arms-length transaction. After Plaintiff expressed his concerns, Plaintiff suffered *additional* verbal abuse at the hands of Defendant Shin that involved being called stupid, simple, ignorant and ethnic slurs regarding Plaintiff's Serbia ethnicity. Plaintiff was also threatened by Defendant Shin that he would be fired. Mr. Matsubara also relayed these threats to Plaintiff saying Defendant Shin will fire Plaintiff unless Plaintiff does what he is told.

e.  Plaintiff expressed to Defendant Shin Plaintiff's concerns regarding FBI interviewing NAN'S employees. Plaintiff found out from Trevor Tamashiro – NAN's other in-house counsel that several employees were approached by FBI. When Plaintiff asked Defendant Shin and Mr. Matsubara what was going on, he was threatened with his employment and told to mind his own business.

f.  Plaintiff told Defendant Shin that it's illegal to blackmail NAN's subcontractors by threatening to report them to the FBI if they do not pay.

g.  Plaintiff told Defendant Shin that Plaintiff could not represent Defendant Shin's friends who were just released from prison since that would be a conflict with the company since he was planning to hire these ex-prisoners. Defendant Shin personally asked Plaintiff to do this.

h.  Further, on several occasions, Defendant Shin blatantly lied and expressed facts to Plaintiff about certain legal matters that were simply not true. When Plaintiff told Mr. Matsubara that he would not be comfortable allowing Defendant Shin to testify untruthfully in any legal proceedings, Plaintiff once again suffered verbal abuse, ethnic slurs, retaliation and more threats regarding his job security by Defendant Shin and Mr. Matsubara.

i.  Plaintiff also complained and expressed his concerns that Defendant Shin and Mr. Matsubara were taking a dishonest and purposely deceitful position towards NAN's surety bond representatives. Plaintiff advised Mr. Matsubara to be honest with NAN's bond surety representatives and ask them for clarification as to who NAN will be using to represent them in their legal proceedings. Plaintiff's foremost concern was compliance with laws an regulations regardless of the company's bottom line. However, Plaintiff was retaliated against and again faced threats and ethnic slurs from Defendant Shin.

41.   Every time Plaintiff would tell Defendant Shin any of the above, Defendant Shin would get angry, verbally abusive and tell Plaintiff he was stupid, call him an ethnic slur and threaten to fire Plaintiff if he didn't do what he was told. Defendant Shin told Plaintiff on several occasions that he was useless and then specifically ordered Plaintiff not to write an email about documenting Plaintiff's concerns regarding Defendant Shin's illegal schemes and behavior.

42.   Plaintiff offered to document in writing all of his concerns.

43.   Defendant Shin ordered Plaintiff not to document anything.

44.   Plaintiff had these same exact conversations with the vice president Matsubara who would tell Plaintiff to mind his own business, not document it and then Mr. Matsubara would also threaten Plaintiff's employment by saying that Defendant Shin is not happy with Plaintiff and that he is useless.

45.   Plaintiff also repeatedly complained to NAN's management regarding Defendant Shin's hostile and discriminatory behavior, including asking Defendant Shin to stop engaging in directing ethnic and homophobic slurs towards Plaintiff.

46.   Several times Defendant Shin used homophobic slurs against Plaintiff when Plaintiff refused to do something illegal. Defendant Shin would taunt Plaintiff asking him "what's the matter, are you sissy, you need to ask your boyfriend for a permission or something"? Stop being gay and do it".

47.     Defendant Shin also regularly engaged in directing ethnic slurs against Plaintiff. On couple of occasions, Defendant Shin stated that if Plaintiff ever got a girl pregnant in Hawaii, that girl's parents would disown her since the baby would look like Plaintiff. Defendant Shin stated he would disown his kids if they brought back Serbian baby.

48.     Plaintiff complained repeatedly about Defendant's Shin's illegal and discriminatory conduct to NAN management, but nothing was done. Mr. Matsubara kept saying Defendant Shin is owner and he can do whatever he wants.

49.     There was one specific incident roughly one week before Plaintiff was fired where he was on a conference call with Defendant Shin and present with Plaintiff in the room were Mr. Matsubara and Mr. Okimoto.

50.     During this phone call, Mr. Shin was calling Plaintiff stupid and simple and basically verbally abusing Plaintiff because Plaintiff expressed the legal opinion Defendant Shin didn't like.

51.     When Plaintiff asked Defendant Shin to stop it, he got really angry, started cursing and threatening Plaintiff's employment if he don't shut up and stop complaining.

52.     Once they got off the phone, Plaintiff told Mr. Matsubara and Mr. Okimoto that this behavior was not acceptable.

53.      They told Plaintiff to either take it or he would be fired.

54.     From March 18, 2019 until June 10, 2019, Plaintiff complained many times to executive officers of NAN (Wyeth Matsubara and Frank Okimoto and

Defendant Shin) about Defendant Shin's illegal schemes, law breaking and his hostile and discriminatory behavior towards Plaintiff.

55. Defendant Shin regularly directed ethnic slurs, homophobic comments and cursed at Plaintiff, calling him stupid Serbian, gay, ignorant and simple.

56. When Plaintiff objected to this behavior, Defendant Shin told Plaintiff to shut up or Defendant Shin would fire Plaintiff.

57. Mr. Matsubara and Frank Okimoto (President of NAN) told Plaintiff on several occasions that Plaintiff must accept Defendant Shin's illegal and discriminatory behavior and if Plaintiff didn't, NAN would fire him.

58. On one occasion, when Plaintiff warned Defendant Shin not to engage in illegal behavior and refused to help Defendant Shin to engage in such behavior, Defendant Shin told Plaintiff that he is useless. Defendant Shin continued to tell Plaintiff that he is replaceable since Defendant Shin knows many attorneys who will do his "dirty work" and that if Plaintiff keeps refusing, he will be easily replaced.

59. Then Defendant Shin continued to name such attorneys. One of the attorneys Defendant Shin specifically named that does Defendant Shin's "dirty work" is attorney Richard Wilson.

60. When Plaintiff warned Defendant Shin that he already once went to jail and that Defendant Shin is already a convicted felon, Defendant Shin stated that he "don't care, prison sentence was easy, and I only paid a small fine." Defendant Shin said it was more than worth it considering how rich he became doing what he is doing.

- 11 -

61.     Plaintiff regularly complained and requested that Defendant Shin refrain from engaging in illegal schemes, and from ethnically insulting, cursing and calling Plaintiff stupid, ignorant, gay or simple.

62.     Thus, from the very beginning of Plaintiff's employment with NAN, Defendant Shin has engaged in what one could only describe as extremely hostile and discriminatory behavior directed at Plaintiff because Plaintiff kept refusing to engage in illegal behavior as directed by Defendant Shin.

63.     A few days before June 10, 2019, Plaintiff sent an email to Mr. Matsubara complaining about the hostile work environment at NAN.

64.     In the end, as a result of Plaintiff's whistleblowing about Defendant Shin's illegal schemes and law breaking (as described – including but not limited to - in paragraph 40 of this Complaint), and because of Plaintiff's complaints about Defendant Shin's discriminatory behavior towards Plaintiff, on June 10, 2019, Plaintiff was fired without cause or any explanation.

65.     Subsequently, when Plaintiff applied for unemployment insurance a week later, NAN only said that Plaintiff was laid off and not fired for any cause.

66.     On September 3, 2019, Plaintiff started new employment as an attorney at Clay Chapman Iwamura Pulice & Nervell.

67.     On September 13, 2019, Plaintiff filed a discrimination and retaliation complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant NAN and Defendant Shin. (EEOC Charge No. 486-2019-

- 12 -

00542)

68.    On or about October 2019, Gerald Clay, a named partner at Clay Chapman Iwamura Pulice & Nervell, and Plaintiff's boss, promised Plaintiff an equity partnership at the firm. This promise was not conditioned upon anything other than Plaintiff's continued employment with the firm.

69.    On October 23, 2019, Plaintiff filed a Complaint with State of Hawaii Circuit Court against Defendant NAN and Defendant Shin which received local press coverage. Plaintiff, among other things, alleged wrongful termination due to him being a whistleblower among other things.

70.    During that time, Plaintiff was working as an attorney at Clay Chapman Iwamura Pulice & Nervell.

71.    Defendant Wilson has his own law office – Wilson Law Office. He currently represents NAN and its owner Defendant Shin against the Plaintiff.

72.    Upon information and belief, and Defendants Wilson's and Shin's own respective admissions to the Plaintiff, Defendant Wilson, NAN and Defendant Shin conspired to have Defendant Shin call Gerald Clay (Plaintiff's boss and direct supervisor) and threaten Plaintiff's employment to apply pressure through Plaintiff's boss Gerald Clay in order to get Plaintiff to drop the lawsuit and his federal EEOC complaint (and subsequent federal lawsuit after EEOC finished their inquiry).

73.    As a result, on November 1, 2019, Defendant Shin, in conspiracy and on instruction by NAN and Defendant Wilson, called Gerald Clay - Plaintiff's boss

- 13 -

at the law firm.

74.     Defendant Shin left Gerald Clay - Plaintiff's boss a voicemail requesting that he call Defendant Shin back.

75.     Gerald Clay and/or the law firm of Clay Chapman Iwamura Pulice & Nervell had no business or current personal relationship with Defendant Shin at the time of the November 2019. However, Gerald Clay and Defendant Shin did know each other from the past.

76.     Defendant Shin had no reason to have called Gerald Clay - Plaintiff's boss other than to deter, harass, intimidate, threaten and/or retaliate against Plaintiff by applying pressure through Plaintiff's boss to get Plaintiff terminated and/or threaten his employment and future partnership in order to get him to drop his State of Hawaii Circuit Court lawsuit and EEOC complaint ( and subsequent federal lawsuit after EEOC finished their inquiry) against Defendant NAN and Defendant Shin.

77.     Defendant Shin admitted to this action when he texted Plaintiff (the very same day on November 1, 2019) admitting that he called Plaintiff's boss about Plaintiff's employment. Defendant Shin further texted to Plaintiff admitting and taunting the Plaintiff that he knew Plaintiff's boss for a very long time, implying that he could influence the Plaintiff's boss.

78.     Few months later, Defendant Wilson also admitted to this conspiracy when he taunted and intimidated Plaintiff during their face to face interaction telling Plaintiff if Plaintiff doesn't drop his State Lawsuit or EEOC action (and subsequent

- 14 -

federal lawsuit after EEOC finished their inquiry), Defendant Wilson will once again instruct Defendant Shin and Defendant NAN to call Plaintiff's boss and threaten his employment and try to get him fired. Defendant Wilson stated that he and Defendants Shin and NAN are coming for Plaintiff and they will take his livelihood away unless he drops his legal actions against the Defendants NAN and Shin.

79.     Due to Defendants Shin's and Wilson's above described actions, Plaintiff was extremely intimidated, deterred and threatened from pursuing his State Lawsuit and filed federal EEOC action, and subsequent federal lawsuit after EEOC finished their inquiry. Also, Plaintiff's employment was interfered with since Plaintiff's boss Gerald Clay was not happy with the Plaintiff because of the Defendant Shin's phone call and Plaintiff's employment and future in his firm was brought into question.

80.     Defendant NAN and Defendant Shin were motivated in this attempt by their discriminatory animus based on national origin towards Plaintiff and their need for retaliation.

81.     Plaintiff was deterred, harassed, intimidated, threatened and retaliated by Defendants Shin, NAN and Wilson conspiring to call and calling his boss after Plaintiff filed his State of Hawaii Circuit Court Complaint and EEOC charge against NAN and Defendant Shin.

82.     Plaintiff suffered emotional distress, anxiety, insomnia, loss of appetite and various other stress related physical ailments from being extremely concerned and afraid that Defendant Shin and NAN and Defendant Wilson are trying to

- 15 -

take away his current employment as a result of Plaintiff filing his lawsuit and EEOC complaint (and subsequent federal lawsuit after EEOC finished their inquiry) against NAN and Defendant Shin.

83. Also, as a result of Defendant's Shin call to Gerald Clay - Plaintiff's boss, Plaintiff's boss was not happy with the Plaintiff and Plaintiff's standing and reputation in his firm was diminished and his career damaged. Gerald Clay stated to Plaintiff that his future promised partnership could be in danger if he doesn't drop the lawsuit and EEOC complaint against Defendants NAN and Shin.

84. Plaintiff's employment is his only source of income and support.

85. After this November 1, 2019 call to Plaintiff's boss, Defendants Shin, Wilson and NAN decided to try again to deter, intimidate, harass and threaten Plaintiff as a result of Plaintiff filing his lawsuit and EEOC complaint.

86. Jack Dwyer is a State of Hawaii licensed attorney and "Of Counsel" with Case Lombardi & Pettit. He has an undisclosed relationship with Defendant Shin. Jack Dwyer and Gerald Clay are close friends, and Gerald Clay stated this fact to Plaintiff.

87. Few weeks later after the first attempt to contact Plaintiff's boss, Jack Dwyer, in conspiracy and on instruction by NAN, Wilson and Defendant Shin, approached Plaintiff's boss at a social function and asked Plaintiff's boss if there is anything he could do to make this state lawsuit and EEOC complaint (and subsequent federal lawsuit after EEOC finished their inquiry) go away.

88.    Jack Dwyer conspired with Defendant Shin, Wilson and NAN, who were motivated by their ethnic and national origin bias against Plaintiff, to deter, harass, intimidate, threaten and/or retaliate against Plaintiff by trying to influence Plaintiff's boss to apply pressure through threatening Plaintiff's employment in order for Plaintiff to drop his lawsuit and EEOC charge.

89.    Once again, Plaintiff was deterred, harassed, intimidated, threatened and retaliated by Defendants Shin, NAN, Wilson and Jack Dwyer approaching Plaintiff's boss to threaten Plaintiff's employment after Plaintiff filed his State of Hawaii Complaint and EEOC charge against NAN.

90.    Plaintiff suffered emotional distress, anxiety, insomnia, loss of appetite and various other stress related physical ailments from being extremely concerned and afraid that Defendants Shin, Wilson, NAN and Jack Dwyer are trying to take away his current employment as a result of Plaintiff filing his lawsuit and EEOC complaint against NAN.

91.    Also, once again, as a result of Jack Dwyer approaching Plaintiff's boss, Plaintiff's boss was again not happy with the Plaintiff and Plaintiff's standing and reputation in his firm was even further diminished, his future in the firm brought into questions, and his career even further damaged. Gerald Clay stated to Plaintiff that his partnership and his employment could be taken away unless he drops the State of Hawaii Complaint and EEOC charge against Defendants NAN and Shin.

92.    However, this determent, harassment, intimidation, threats and

- 17 -

retaliation did not stop here.

93.    Few months later, on or about May 8, 2020, Plaintiff notified

Defendant Wilson by email that Plaintiff will be filing a federal civil rights lawsuit (after

EEOC finished their inquiry) against Defendant Wilson, Defendant Shin, NAN and Jack

Dwyer for violation of Plaintiff's civil rights.

94.    Literally few days later, Defendant Wilson, Defendant Shin, NAN

and Defendant Revere conspired to deter, harass, intimidate and threaten Plaintiff as

result of his intention to file his federal civil rights lawsuit.

95.    Defendant Wilson and Defendant Revere, in conspiracy, on

instruction and assisted by Defendants Shin and NAN, emailed and talked to Carlos

Perez-Mesa, a partner at Plaintiff's firm with whom Defendant Wilson and Defendant

Revere are good friends with.

96.    Defendant Wilson and Defendant Revere complained to Carlos

Perez-Mesa about Plaintiff and his intention to file a federal civil rights lawsuit, made up

bunch of lies about Plaintiff's character and behavior to Carlos Perez-Mesa - a partner in

Plaintiff's firm, and Defendant Wilson and Defendant Revere made false accusations

about Plaintiff's character and behavior.

97.    Carlos Perez-Mesa then emailed Dianne Sherman – Executive

Director of Plaintiff's firm, and informed Gerald Clay, stating that Defendant Revere

advised him about the upcoming lawsuit. Carlos Perez-Mesa also admitted that he knows

Defendant Wilson "pretty well". Mr. Perez-Mesa told both Ms. Sherman and Gerald

- 18 -

Clay that Defendant Wilson talked to him and told him that Defendant Wilson "had problems with Bosko on a case".

98.    As a result, Plaintiff was forced to meet with both Gerald Clay and Carlos Perez-Mesa during which meeting Plaintiff was forced to explain himself regarding the lawsuit against Defendants NAN and Shin and intended lawsuit against Defendant Wilson. Mr. Perez-Mesa and Gerald Clay were informed by Defendant Wilson that he represents Defendant NAN and Shin.

99.    Both Mr. Clay and Mr. Perez-Mesa stated to Plaintiff that because of Defendants Wilson, Shin and Revere's communications to Mr. Perez-Mesa and Mr. Clay respectively, his partnership and his employment could be taken away unless he drops the State of Hawaii Complaint and EEOC charge against Defendants NAN and Shin.

100.    Upon information and belief, Defendant Wilson and Defendant Revere, in conspiracy and assisted by Defendants Shin and NAN, did this in attempt to get Plaintiff fired as retaliation and/or to put pressure on Plaintiff to drop his legal actions against the Defendants NAN and Shin by threatening his employment and partnership.

101.    As a result of these emails, phone calls, false allegations and threats committed by Defendants Wilson, NAN, Shin and Revere, Plaintiff's reputation and standing in his firm was even further diminished and his future partnership and continued employment was threatened and brought in question and made dependent on Plaintiff not pursuing any legal actions against the Defendants NAN and Shin.

102.    Once Plaintiff's boss found about Defendants Wilson's and

- 19 -

Revere's, in conspiracy and assisted by Defendants Shin and NAN, emails, calls, allegations and complaints about Plaintiff's character and behavior (which were false) Plaintiff's standing and reputation in his firm has been immediately damaged and Plaintiff's future and his partnership prospects have been threatened and damaged.

103.    Defendants Wilson and Revere, in conspiracy and assisted by Defendants Shin and NAN deterred, harassed, intimidated, threatened and/or retaliated against Plaintiff by defaming Plaintiff to Plaintiff's boss and once again trying to influence Plaintiff's boss to apply pressure through threatening Plaintiff's employment and future partnership in order for Plaintiff to drop his federal and state civil rights lawsuits and EEOC complaint against Defendants NAN and Shin.

104.    Once again, Plaintiff was deterred, harassed, intimidated and threatened by Defendants Wilson, Revere, Shin and NAN when Defendant Wilson and Defendant Revere emailed and called Mr. Perez-Mesa at his firm to threaten Plaintiff's employment and partnership prospects after Plaintiff notified Defendant Wilson of his intention to file a federal civil rights lawsuit against the Defendants Shin, NAN and Wilson.

105.    Plaintiff was also defamed by Defendants Wilson and Revere in conspiracy with other Defendants Shin and NAN in the eyes of his partners at his firm.

106.    Plaintiff suffered emotional distress, anxiety, insomnia, loss of appetite and various other stress related physical ailments from being extremely concerned and afraid that Defendants Wilson, Revere, Shin and NAN  are trying to take

away his current employment, partnership and future at his law firm, and from damaging

his reputation, all because  Plaintiff's intention of filing a federal civil rights lawsuit, and

having already filed a state lawsuit against Defendants Shin and NAN.

107.   However, with his reputation already in taters, his future and

partnership in his law firm in serious question and significantly damaged, Plaintiff

decided to continue with legal action against the Defendants Shin, NAN, Revere and

Wilson.

108.   On June 22, 2020, Plaintiff filed the instant federal civil rights

lawsuit against Defendants Wilson, Revere, Nan and Shin.

109.   Incredibly, on June 23, 2020, one day after lawsuit was filed, Mr.

Perez-Mesa emailed Gerald Clay, Mr. Pulice, Ms. Sherman and the rest of the Plaintiff's

firm's partners, and stated following:

"Hi, Jerry,
Terry Revere called me last night and advised me that Bosko has filed a Complaint
against him, Richard Wilson and Richard's client in federal court.  It was apparently
served yesterday.  I suggest that we get a copy of the Complaint and discuss this issue
with him. I don't want anything to do with this matter.
Best,
Carlos
Carlos D. Perez-Mesa, Jr., Esq."

110.   As a result, on June 23, 2020, Plaintiff's boss – Mr. Clay emailed the

Plaintiff telling him following:

"So Far, you have Carlos and Bradley very upset.
I am also upset that I'm am in the middle of something I don't want to be in the middle
of.
You are making my life difficult and for that you owe me an apology.
Think about it, where do you want your future to be.

- 21 -

If you Want it to be in this firm, you have to make life enjoyable for your future partners. I don't care how you solve this problem, just get rid of it.
 Jerry"

111.    Later that day, Mr. Clay told Plaintiff that as a result of Defendants Shin, NAN, Wilson, and Revere's influence, calls and emails, his partnership track was taken away and that he will probably be fired unless he drops his lawsuit against Defendants NAN, Shin, Revere and Wilson.

112.    Also, later that day, Mr. Pulice, a named partner in Plaintiff's firm, told Plaintiff that that he "will probably be fired unless he drops his lawsuit against Defendants NAN, Shin, Wilson and Revere because of Defendants Shin, NAN, Wilson, and Revere's influence, calls, emails and complaints".

113.    Also, on June 23, 2020, Defendant Wilson emailed Plaintiff notifying him of the following:

"Your presumption that I have been retained to represent Nan, Inc. and Patrick Shin in this matter is misplaced.  I consider myself served as of yesterday, June 22, 2020.
 Richard E. Wilson"

114.    Therefore, Defendant Wilson did not represent Defendants NAN or Defendant Shin in this federal proceeding despite his claims otherwise in the Defendant Wilson's motion to dismiss Plaintiff's First Amended Complaint.

115.    Further, Defendants Wilson and Revere only decided to represent each other in this matter after Plaintiff filed his Complaint on June 22, 2020 in an apparent scheme to attempt to shield their actions with litigation privilege. Defendants Wilson and Revere notified Plaintiff after the June 22, 2020 filing that they will be

representing each other.

116.   Sadly, Plaintiff's fears were confirmed on July 31, 2020, and Defendants Wilson, Revere, NAN and Shin finally succeeded in their conspiracy to get Plaintiff fired and take away his employment in retaliation for filing his lawsuits against them.

117.   Literally one day after Plaintiff filed on July 30, 2020 his opposition to Defendants Wilson and Revere (and their respective firms) motion to dismiss Plaintiff's First Amended Complaint, **Plaintiff was fired on July 31, 2020 by his firm due to no fault of his own and due to Defendants Shin, NAN, Wilson and Revere's illegal actions in which they conspired to get Plaintiff fired in retaliation for filing lawsuits against them.**

118.   Plaintiff was a great employee, loved by his clients and he achieved great results for his clients. He never received any written or oral complaints about his performance during his employment. In fact, several clients wrote and called Plaintiff's bosses to tell them just how happy they were with Plaintiff's performance. Plaintiff had a great future with his firm and was on a partnership track as promised and as repeatedly stated by partners in his firm.

119.   Defendants Wilson, Revere, NAN and Shin, finally succeeded in their conspiracy to retaliate and punish and get Plaintiff fired for filing his State and Federal lawsuits against Defendants Wilson, Revere, NAN and Shin.

120.   Incredibly, about a week after Defendants Revere, Shin, Wilson and

- 23 -

NAN succeeded in their conspiracy to fire Plaintiff and obstruct justice, on or about August 7, 2020, Defendant Revere taunted Plaintiff through email by making fun of his lawsuit filed in this Court.

121.    Defendant Revere emailed Mr. Pulice and Mr. Perez-Mesa jokes about Plaintiff while Plaintiff was cced on the email chain.

122.    Plaintiff suffered emotional distress, anxiety, insomnia, loss of appetite and various other stress related physical ailments as a result of Defendants' Shin, NAN, Wilson and Revere's actions. Plaintiff's was fired and he lost a promised and lucrative partnership and future in his law firm, all because Plaintiff's filed his federal and state civil rights lawsuits against the Defendants Wilson, Revere, NAN and Shin.

### COUNT I:  VIOLATION OF 42 U.S.C. § 1985(2), part two
(Against Defendants Shin and NAN)

123.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

124.    Defendants obstructed justice through intimidation of a party (Plaintiff) in violation of 42 U.S.C. § 1985(2).

125.    Defendants conspired to deter Plaintiff and retaliate against him from further pursuing his State lawsuit, EEOC complaint and subsequent federal lawsuit (after EEOC has issued its determination) against Defendants NAN and Shin by intimidation and threats by threatening Plaintiff's employment and promised partnership in his law firm by Defendant Shin (in conspiracy and assistance with NAN and Defendant Wilson)

- 24 -

calling Plaintiff's boss Gerald Clay in order to get Plaintiff fired and/or take away his promised partnership and apply pressure through Plaintiff's employment to make Plaintiff drop his State lawsuit and EEOC complaint against Defendant NAN and Defendant Shin.

126.    Further, Defendants Shin, Wilson and NAN conspired for the purpose of impeding, hindering, obstructing, or defeating the due course of justice in State of Hawaii, with intent to deny Plaintiff the equal protection of the laws, and to injure him or his property for lawfully enforcing Plaintiff's rights (when Plaintiff filed his State of Hawaii Circuit Court Complaint against Defendant NAN and Defendant Shin) to the equal protection of the laws. Defendant NAN and Defendant Shin were motivated in this attempt by their discriminatory animus based on national and ethnic origin of the Plaintiff.

127.    Plaintiff was deterred, harassed, intimidated, threatened, impeded, hindered, obstructed and retaliated by Defendants Shin, NAN and Wilson when Defendant Shin (in conspiracy with Defendants NAN and Wilson) called his boss Mr. Clay (after Plaintiff filed his State of Hawaii Circuit Court Complaint and EEOC charge against NAN and Defendant Shin) in order to get him fired and/or take away his promised partnership and apply pressure through Mr. Clay by threatening Plaintiff's employment and promised partnership to make Plaintiff drop his legal actions against Defendant NAN and Defendant Shin.

128.    As a direct and proximate cause of Defendants Shin, NAN and

- 25 -

Wilson's actions, Plaintiff suffered emotional distress and anxiety from being extremely concerned and afraid that Defendant Shin, NAN and Wilson are trying to take away his employment and partnership as a result of Plaintiff filing his state lawsuit and EEOC complaint against NAN and Defendant Shin.

129.   As a direct and proximate cause of Defendants' actions, Plaintiff's standing, reputation and future of his employment and future partnership in his law firm was threatened and brought in question damaging Plaintiff's property interest in his continuing employment.

130.   Plaintiffs was damaged in an amount to be proven at trial.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1985(2)
(Against Defendant Revere)

131.   Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

132.   Defendant Revere obstructed justice through intimidation and retaliation of a party (Plaintiff) in violation of 42 U.S.C. § 1985(2).

133.   Defendant Revere conspired with other Defendants Shin, Wilson, and NAN and other individuals to intimidate and deter Plaintiff and/or retaliate against him from further pursuing his legal rights after he filed his civil rights lawsuit on June 22, 2020 by intimidation and threats by threatening and damaging Plaintiff's employment by contacting Plaintiff's employer.

134.   On June 22, 2020, Plaintiff filed the instant federal civil rights

lawsuit against Defendants Wilson, Revere, Nan and Shin.

135.   Incredibly, on June 23, 2020, one day after lawsuit was filed, Mr. Perez-Mesa emailed Gerald Clay, Mr. Pulice, Ms. Sherman and the rest of the Plaintiff's firm's partners, and stated following:

"Hi, Jerry,
Terry Revere called me last night and advised me that Bosko has filed a Complaint against him, Richard Wilson and Richard's client in federal court.  It was apparently served yesterday.  I suggest that we get a copy of the Complaint and discuss this issue with him. I don't want anything to do with this matter.
Best,
Carlos
Carlos D. Perez-Mesa, Jr., Esq."

136.   As a result, on June 23, 2020, Plaintiff's boss – Mr. Clay emailed the Plaintiff telling him following:

"So Far, you have Carlos and Bradley very upset.
I am also upset that I'm am in the middle of something I don't want to be in the middle of.
You are making my life difficult and for that you owe me an apology.
Think about it, where do you want your future to be.
If you Want it to be in this firm, you have to make life enjoyable for your future partners.
I don't care how you solve this problem, just get rid of it.
 Jerry"

137.   Later that day, Mr. Clay told Plaintiff that as a result of Defendants Shin, NAN, Wilson, and Revere's influence, calls and emails, his partnership track was taken away and that he will probably be fired unless he drops his lawsuit against Defendants NAN, Shin, Revere and Wilson.

138.   Also, later that day, Mr. Pulice, a named partner in Plaintiff's firm, told Plaintiff that that he "will probably be fired unless he drops his lawsuit against Defendants NAN, Shin, Wilson and Revere because of Defendants Shin, NAN, Wilson,

- 27 -

and Revere's influence, calls, emails and complaints".

139.    Sadly, Plaintiff's fears were confirmed on July 31, 2020, and Defendants Wilson, Revere, NAN and Shin finally succeeded in their conspiracy to fire Plaintiff and take away his employment in retaliation for filing his lawsuits against them.

140.    Literally one day after Plaintiff filed on July 30, 2020 his opposition to Defendants Wilson and Revere (and their respective firms) motion to dismiss Plaintiff's First Amended Complaint, **Plaintiff was fired on July 31, 2020 by his firm due to no fault of his own and due to Defendants Shin, NAN, Wilson and Revere's illegal actions in which they conspired to get Plaintiff fired in retaliation for filing lawsuits against them.**

141.    Plaintiff was a great employee, loved by his clients and he achieved great results for his clients. He never received any written or oral complaints about his performance during his employment. In fact, several clients wrote and called Plaintiff's bosses to tell them just how happy they were with Plaintiff's performance. Plaintiff had a great future with his firm and was on a partnership track as promised and as repeatedly stated by partners in his firm.

142.    Defendants Wilson, Revere, NAN and Shin, finally succeeded in their conspiracy to punish and fire Plaintiff for filing his State and Federal lawsuits against Defendants Wilson, Revere, NAN and Shin.

143.    Plaintiff suffered emotional distress, anxiety, insomnia, loss of appetite and various other stress related physical ailments as a result of Defendants'

Shin, NAN, Wilson and Revere's actions. Plaintiff's was fired and he lost a promised

and lucrative partnership and future in his law firm, all because Plaintiff's filed his

federal and state civil rights lawsuit against the Defendants Wilson, Revere, NAN and

Shin.

144.    Plaintiff was deterred, harassed, intimidated, threatened and/or

retaliated from pursuing his June 22, 2020 filed federal lawsuit by the Defendant Revere.

145.    Plaintiffs was damaged in an amount to be proven at trial.

### COUNT III:  Tortious Interference with Contractual Relations)
(Against Defendants Shin, Wilson, Revere and NAN)

146.    Plaintiff incorporates by reference the preceding paragraphs of this

Complaint.

147.    Plaintiff was promised an equity partnership in his firm by Gerald Clay

– Plaintiff's boss and named partner in his firm.

148.    Defendants, without legal justification and through illicit actions,

including but not limited to defamation and repeated acts of obstruction of justice,

intentionally induced Plaintiff's employer to take away his partnership track and

terminate his employment.

149.    As a direct and proximate result of said unlawful actions by the

Defendants, Plaintiff has suffered special, compensatory damages, loss of income, loss of

future and prospective income, attorneys' fees and costs and other general damages.

150.    Defendants are therefore liable to Plaintiff for Tortious Interference with

Plaintiff's Contractual Relations with his employer in amounts to be proven at trial.

- 29 -

## COUNT IV:  VIOLATION OF Title VII (42 U.S.C. § 2000e, et seq.)
(Against Defendant NAN)

151.   Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

152.   Defendant NAN violated Title VII (42 U.S.C. § 2000e, et seq.) by not preventing Defendant Shin (owner of NAN and Plaintiff's supervisor) from unwelcomed, severe, continuing and pervasive harassment of Plaintiff based on Plaintiff's race, national and ethnic origin; and retaliating against Plaintiff after Plaintiff complained about such discriminatory treatment and after Plaintiff being a whistleblower.

153.   Defendant Shin continuously and pervasively directed ethnic and homophobic insults and slurs at Plaintiff during Plaintiff's entire length of employment at NAN.

154.   These ethnic and homophobic insults were especially severe and pervasive after each time Plaintiff refused to engage in illegal activity as directed by Defendant Shin.

155.   Plaintiff even suffered a physical attack from NAN's vice president Nick Flores after which Defendant Shin called Plaintiff "weaker than Americans" as result of his complaint about the attack.

156.   Despite Plaintiff' complaints to Defendant Shin and other NAN's management, nothing was done to rectify this discriminatory harassment.

157.    After complaining several times, Plaintiff was told on several occasions by Defendant Shin and other NAN's executives that Plaintiff must endure the offensive conduct as a condition of his continuing employment.

158.    In the end, Defendant NAN, on direction by Defendant Shin, fired Plaintiff due to Plaintiff being a whistleblower and because of his complaints about the discriminatory harassment he suffered during his employment at NAN.

159.    As a direct and proximate cause of Defendants NAN's actions, Plaintiff suffered emotional distress, economic, general and special damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand and pray for judgment:

    A.    On all Counts against ALL Defendants;

    B.    For an award of special, economic, consequential and general damages to Plaintiffs from ALL Defendants, jointly and severally, in amount proven at trial;

    C.    Punitive damages, as the facts aforesaid constitute extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society. In committing the above acts and omissions, Defendants acted wantonly and/or oppressively and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations and/or there has been some willful misconduct that demonstrates that entire want of care which

- 31 -

would raise the presumption of a conscious indifference to consequences,

justifying an award of punitive or exemplary damages in an amount to be

proven at trial;

D.      Attorneys' Fees and costs pursuant to the applicable law;

E.      Such other and further relief as this Court deems just and proper.

DATED:  Honolulu, Hawaii; November 13, 2020.

/s/ BOSKO PETRICEVIC
PRO-SE - PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK SHIN; RICHARD WILSON; TERRANCE REVERE; NAN INC., a domestic profit corporation,<br><br>Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br><br>JURY DEMAND; |

## DEMAND FOR JURY TRIAL

Please take notice that, pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure, Plaintiff BOSKO PETRICEVIC, PRO-SE, demands a jury trial in this

action.



  DATED: Honolulu, Hawaii; November 13, 2020.



/s/ BOSKO PETRICEVIC
PRO-SE PLAINTIFF

- 33 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC, | CIVIL NO. CV 20-00283 JAO-WRP |
| Plaintiff, | |
| vs. | CERTIFICATE OF SERVICE |
| PATRICK SHIN; RICHARD WILSON; TERRANCE REVERE; NAN INC., a domestic profit corporation, | |
| Defendants. | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **SECOND AMENDED**

**COMPLAINT** in the above-entitled action was duly served electronically through the

Hawaii Judiciary CM/ECF and also via email, on November 13, 2020, on the following

counsel of record and/or parties:

1.    Terrance Revere

      Revere & Associates LLLC
      Pali Palms Plaza
      970 North Kalaheo Ave., Suite A301
      Kailua, HI 96734
      808-791-9550
      terry@revereandassociates.com

              ATTORNEY FOR DEFENDANTS
              Richard Wilson
              Law Office of Richard E. Wilson

- 34 -

2.    LAW OFFICES OF RICHARD E. WILSON, LLC
RICHARD E. WILSON
5614 735 Bishop St., Suite 306
Honolulu, Hawaii 96813
Tel. No. (808) 545-1311
`rewilson_law@yahoo.com`

ATTORNEY FOR DEFENDANTS
Terrance Revere
Revere & Associates LLLC

3.    Richard M. Rand
Marr Jones & Wang LLP
Pauahi Twr.
1003 Bishop St
Ste. 1500
Honolulu, HI 96813
(808) 536-4900
rrand@marrjones.com

ATTORNEYS FOR DEFENDANTS
Patrick Shin
NAN INC., a domestic profit corporation,

DATED: Honolulu, Hawaii; November 13, 2020.

/S/ *BOSKO PETRICEVIC*
BOSKO PETRICEVIC
PRO-SE PLAINTIFF

- 35 -