IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BOSKO PETRICEVIC, | ) ) | CIVIL NO. 20-00283 JAO-WRP |
| Plaintiff, | ) ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART (1) PLAINTIFF |
| vs. | ) ) | BOSKO PETRICEVIC'S MOTION TO STAY DISCOVERY, APPOINT |
| PATRICK SHIN, ET AL., | ) ) | DISCOVERY MASTER AND |
| | ) | REQUEST FOR ATTORNEY'S |
| Defendants. | ) ) | FEES AND COSTS AND (2) PLAINTIFF BOSKO |
| | ) | PETRICEVIC'S MOTION FOR |
| | ) | PROTECTIVE ORDER AND FOR |
| | ) ) | ATTORNEY'S FEES AND COSTS |
| | ) | |

ORDER GRANTING IN PART AND DENYING IN PART (1) PLAINTIFF
BOSKO PETRICEVIC'S MOTION TO STAY DISCOVERY, APPOINT
DISCOVERY MASTER AND REQUEST FOR ATTORNEY'S FEES AND
COSTS AND (2) PLAINTIFF BOSKO PETRICEVIC'S MOTION FOR
PROTECTIVE ORDER AND FOR ATTORNEY'S FEES AND COSTS

Two motions are before the Court: (1) Plaintiff's Motion to Stay

Discovery, Appoint Discovery Master and Request for Attorney's Fees and Costs,

ECF No. 59, and (2) Plaintiff's Motion for Protective Order and for Attorney's

Fees and Costs, ECF No. 60.  Defendants Richard Wilson, Law Office of Richard

E. Wilson, Revere & Associates LLLC, and Terrance Revere (collectively, the

Wilson and Revere Defendants) filed their Opposition to the Motions on

November 10, 2020.  See ECF No. 60.[1]  Defendants Patrick Shin and Nan, Inc.

(collectively, the Nan Defendants) filed their Opposition to the Motions on

November 10, 2020.  See ECF No. 65.  Plaintiff filed his Reply in support of both

Motions on November 13, 2020.  See ECF No. 66.  The Court finds the Motions

suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local

Rules of Practice of the United States District Court for the District of Hawaii.

After careful consideration of the record in this action and the relevant

legal authority, the Court GRANTS IN PART AND DENIES IN PART the

Motions.

BACKGROUND

On June 22, 2020, Plaintiff filed this action alleging employment

discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq., against Nan,

Inc. and alleging violations of 42 U.S.C. § 1985(2) against Patrick Shin, Richard

Wilson, John Dwyer, Terry Revere, and Nan, Inc.  See ECF No. 1.

In response to Defendants Richard Wilson and Terry Revere's motion

to dismiss the Complaint, Plaintiff filed a timely First Amended Complaint naming

the Law Office of Richard E. Wilson and Revere & Associates LLLC as additional

Defendants and adding a claim for tortious interference with contractual relations

---

[1] The Court notes that only Richard Wilson and Terrance Revere are
named as Defendants in Plaintiff's Second Amended Complaint, filed on
November 13, 2020.  See ECF No. 67.

against all Defendants.  See ECF No. 10.

The Wilson and Revere Defendants filed a motion to dismiss

Plaintiff's First Amended Complaint on July 16, 2020.  See ECF No. 14.  After

that motion was fully briefed, Plaintiff filed a motion for leave to file a Second

Amended Complaint.  See ECF No. 19.  The Nan Defendants filed a motion to

dismiss Plaintiff's First Amended Complaint on August 18, 2020.  See ECF No.

24.

On September 25, 2020, the Court granted in part Plaintiff's request

for leave to file a Second Amended Complaint and gave Plaintiff until October 14,

2020 to file a Second Amended Complaint.  See ECF No. 33.  Plaintiff requested

additional time to file a Second Amended Complaint, which the Court granted.

See ECF Nos. 37, 38.

Because Plaintiff had been given leave to amend, the district court

ruled that the two pending motions to dismiss the First Amended Complaint were

moot.  See ECF No. 39.

Shortly before the Rule 16 Scheduling Conference, Plaintiff filed a

motion asking the Court to continue the Rule 16 Scheduling Conference arguing

that all discovery should be stayed pending settlement discussions in related state

court proceedings.  See ECF No. 40.  Defendants opposed Plaintiff's motion and

asked that the Rule 16 Scheduling Conference proceed as scheduled.  See ECF No.

41.  The Court denied Plaintiff's motion and proceeded with the Rule 16

Scheduling Conference.  See ECF No. 47.  The Court stated during the Rule 16

Scheduling Conference that any request to stay discovery should be made through

formal motion or through letter briefs pursuant to Local Rule 37.1(c).  See id.  The

Court also reminded the parties of their meet and confer obligations for all

discovery motions and encouraged the parties to exchange written agendas before

any meet and confer calls to limit disagreements.  See id.

In the present Motions, Plaintiff asks the Court to: (A) appoint a

discovery master and require Defendants to pay for all costs related to the

discovery master; (B) stay all discovery for four months until March 1, 2020;

(C) alternatively, issue a protective order postponing Plaintiff's deposition and the

deposition of witness Joseph Rosenbaum; and (D) award Plaintiff attorney's fees

and costs.  See ECF Nos. 59, 60.

## DISCUSSION

### A.  Plaintiff's Request to Appoint a Discovery Master is DENIED

Under Federal Rule of Civil Procedure 53, the Court may appoint a

special master to "address pretrial and posttrial matters that cannot be effectively

and timely addressed by an available district judge or magistrate judge of the

district."  Fed. R. Civ. P. 53(a)(1)(C).  There is no indication in this case that the

Court is unable to effectively and timely address any discovery disputes between

4

the parties that may arise in this case.  Under this Court's Local Rules and the

Guidelines of Professional Courtesy and Civility for Hawaiʻi Lawyers, the burden

is on the parties to work cooperatively in discovery and to narrow any disputes

through meaningful meet and confer sessions prior to filing any motion.  The Court

will not appoint a special master in lieu of holding the parties and counsel to their

discovery obligations.  Plaintiff's request for the Court to appoint a special master

for discovery in this case is DENIED.

### B. Plaintiff's Request to Stay All Discovery is DENIED

Plaintiff asks the Court to stay all discovery in this action for more

than four months until March 1, 2020.  See ECF No. 59.  Plaintiff argues that a

stay of all discovery is appropriate for four reasons.  See id. at 21-24.  First,

Plaintiff contends that discovery should be stayed because he intends to file a

motion for leave to file a Third Amended Complaint and all discovery should be

stayed pending the decision on that expected motion and any further amended

complaint is filed.  See id. at 21-22.  Second, Plaintiff argues that discovery should

be stayed because Defendants intend to file a motion to dismiss the Second

Amended Complaint.  See id. at 22.  Third, Plaintiff states that discovery should be

stayed because he recently became a father on November 6, 2020.  See id.; ECF

No. 66 at 9.  Fourth, Plaintiff contends that discovery should be stayed because he

is currently engaged in settlement discussions with the Nan Defendants in a related

state court proceeding.  See ECF No. 59 at 22-23.  Defendants oppose Plaintiff's request to stay all discovery.  See ECF No. 64, 65.

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Veterans for Common Sense v. Shinseki, 644 F.3d 845, 888 (9th Cir. 2011) ("'[B]road discretion is vested in the trial court to permit or deny discovery.'") (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  The burden is on the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery.  See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied."  Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601-02 (D. Nev. 2011) (citations omitted).  "A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order."  Id.

The Court declines to exercise its discretion to stay all discovery as

requested by Plaintiff.  As noted above, this case has been pending for nearly five

months.  Although the parties may anticipate filing additional motions related to

the pleadings, Plaintiff has failed to show good cause to stay all discovery pending

anticipated further motions on the pleadings.  Further, the Court finds that the

status of the state court action does not provide good cause because that litigation

has no bearing on this action.  As noted by the Wilson and Revere Defendants, the

state court action does not involve Mr. Wilson nor Mr. Revere.  See ECF No. 64-1

at 3.  Even though there may be some factual overlap between the cases as to the

Nan Defendants, the state court proceedings do not bind this Court.  Finally, as to

Plaintiff's arguments that discovery should be stayed because he recently became a

father, the Court finds that this fact does warrant some consideration regarding

scheduling Plaintiff's deposition as discussed below but ***does not*** support a stay of

all discovery.  Because Plaintiff has failed to demonstrate good cause, Plaintiff's

request to stay all discovery is DENIED.

## C. Plaintiff's Request for a Protective Order to Postpone Two Depositions is GRANTED IN PART AND DENIED IN PART

Under Rule 26(c)(1), the Court may, for good cause, issue a protective

order specifying the time for certain discovery.  See Fed. R. Civ. P. 26(c)(1)(B).

As an alternative to his request to stay all discovery, Plaintiff asks the Court to

issue a protective order postponing the deposition of Joseph Rosenbaum, which

was noticed for November 13, 2020, and postponing Plaintiff's deposition, which

was noticed for December 1, 2020.  See ECF No. 60.  Defendants oppose

Plaintiff's request to postpone either of these depositions.  See ECF Nos. 64, 65.

First, regarding the deposition of Mr. Rosenbaum, the Court finds that

Plaintiff has failed to demonstrate good cause to postpone this deposition.

Defendants represent that they expect this deposition to last one hour.  See ECF

No. 64-1 at 3.  Although counsel oftentimes coordinate the scheduling of a

deposition prior to serving notice, Rule 30 does not require it.  See Fed. R. Civ. P.

30(b)(1).  All that is required under Rule 30(b)(1) is "reasonable written notice."

Id.  Here, Defendants initially provided sixteen days' notice, which the Court finds

reasonable under the circumstances.  After Mr. Rosenbaum notified Defendants of

a conflict, Defendants provided twenty-four days' notice, which the Court also

finds reasonable.  Although it appears that Defendants proposed scheduling Mr.

Rosenbaum's deposition on less than one-days' notice, see ECF No. 59-21, that did

not occur.  Mr. Rosenbaum's deposition was noticed for November 13, 2020 but

was postponed pending the resolution of these Motions.  See ECF No. 62.  The

Court DENIES Plaintiff's request to further postpone the deposition of Mr.

Rosenbaum.  Mr. Rosenbaum's deposition may proceed on a date and time that is

convenient for Mr. Rosenbaum.  Defendants shall include Plaintiff in all

communications with Mr. Rosenbaum regarding scheduling his deposition, which

shall be sufficient written notice of the new date for Mr. Rosenbaum's deposition.

Second, regarding Plaintiff's deposition, the Court finds that Plaintiff has demonstrated good cause to postpone this deposition for a short period of time. As noted in Plaintiff's Reply, Plaintiff's child was born on November 6, 2020.  See ECF No. 66 at 9.  The Court finds that a short postponement of Plaintiff's deposition is reasonable to allow Plaintiff to spend time with his family.  The Court GRANTS a short postponement of Plaintiff's deposition and ORDERS that Plaintiff's deposition shall proceed on or after December 14, 2020.  If the parties are unable to agree on a date for Plaintiff's deposition on or after December 14, 2020, the parties shall file letter briefs in compliance with Local Rule 37.1(c) no later than November 23, 2020, and the Court will set the date for Plaintiff's deposition.

### D.  Plaintiff's Request for Attorney's Fees and Costs is DENIED

Under Rule 37(f), an award of monetary sanctions is specifically limited to the payment of "reasonable expenses, including attorney's fees, caused by the failure" of the other party "to participate in good faith in developing and submitting a proposed discovery plan."  See Fed. R. Civ. P. 37(f).  Because Plaintiff is proceeding pro se, he is not entitled to an award of attorney's fees as "reasonable expense" under Rule 37.  See, e.g., Surowiec v. Capital Title Agency, Inc., 790 F. Supp. 2d 997, 1011 (D. Ariz. 2011); Rosenblum v. Blackstone, 2020

WL 4258580, at *3 (C.D. Cal. Apr. 21, 2020) ("Plaintiff, a pro se prisoner, cannot obtain monetary sanctions under Rule 37(b)."). Accordingly, Plaintiff's request for an award of attorney's fees and costs is DENIED.

However, even if a party is proceeding pro se, the Court is still able to issue sanctions for an opponent's discovery abuses pursuant to the Court's inherent power. See, e.g., Jacobs v. Scribner, 2011 WL 98585, at *1 (E.D. Cal. Jan. 12, 2011) (stating that "a rule to the contrary would place a pro se litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct." (citation omitted)); see also Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (discussing discovery sanctions under the court's inherent power if Rule 37 sanctions are unavailable); Cardinal v. Lupo, 2019 WL 4450859, at *3 (N.D. Cal. Sept. 17, 2019) ("Federal courts have the authority to sanction litigants for discovery abuses both under the Federal Rules of Civil Procedure and pursuant to the court's inherent power to prevent abuse of the judicial process.") (citations omitted). Sanctions imposed under the Court's inherent authority require a finding of bad faith. See Lahiri v. Universal Music & Video Distribution Corp., 606 F.3d 1216, 1219 (9th Cir. 2010).

Here, the Court declines to exercise its inherent authority to impose sanctions against Defendants based on the conduct at issue. The Court is unpersuaded that Defendants acted in bad faith in these disputes. The Court rejects

Plaintiff's argument that Defendants acted in bad faith by proceeding with discovery after Plaintiff had requested a meet and confer.  Although the Local Rules require the parties to meet and confer regarding discovery disputes, there is no requirement that the parties suspend their discovery activities during any meet and confer process.

The Court also rejects Plaintiff's arguments that Defendants acted in bad faith by scheduling the deposition of Mr. Rosenbaum.  As noted above, the parties are not required to coordinate the scheduling of depositions with opposing parties, but are only required to provide reasonable notice, which they provided twice as to Mr. Rosenbaum's deposition.

Finally, the Court in unpersuaded by Plaintiff's argument that Defendants acted in bad faith by listing individuals in their initial disclosures who Plaintiff asserts have no relevance to this litigation.  According to Plaintiff, Defendants listed in their initial disclosures many individuals who may have had negative interactions with Plaintiff but who do not have any relevance to the present lawsuit.  See ECF No. 53; ECF No. 59-1.  In this litigation, Plaintiff has alleged that Defendants engaged in a conspiracy to deprive him of his civil rights through various acts, including communicating with Plaintiff's employers and other attorneys in Honolulu.  See ECF No. 1, 10, 67.  At this early stage of litigation, the Court is unable to find that the individuals listed by Defendants do

11

not possess discoverable information.  Because the Court finds that Defendants did

not engage in bad faith conduct, the Court DENIES Plaintiff's request for sanctions

related to these disputes.

CONCLUSION

Plaintiff's Motion to Stay Discovery, Appoint Discovery Master and

Request for Attorney's Fees and Costs, and Plaintiff's Motion for Protective Order

and for Attorney's Fees and Costs is GRANTED IN PART AND DENIED IN

PART as detailed above.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, NOVEMBER 17, 2020.



Wes Reber Porter
United States Magistrate Judge

**PETRICEVIC v. SHIN, ET AL.; CIVIL NO. 20-00283 JAO-WRP; ORDER
GRANTING IN PART AND DENYING IN PART (1) PLAINTIFF BOSKO
PETRICEVIC'S MOTION TO STAY DISCOVERY, APPOINT DISCOVERY
MASTER AND REQUEST FOR ATTORNEY'S FEES AND COSTS AND (2)
PLAINTIFF BOSKO PETRICEVIC'S MOTION FOR PROTECTIVE ORDER
AND FOR ATTORNEY'S FEES AND COSTS**