# MARR JONES & WANG

A LIMITED LIABILITY LAW PARTNERSHIP

*Labor and Employment Law*

November 23, 2020

***Via CM/ECF***

The Honorable Wes Reber Porter
United States Magistrate Judge
United States District Court for the
  District of Hawaii
300 Ala Moana Boulevard, 2nd Floor
Honolulu, Hawaiʻi 96850

> **Re:   Bosko Petricevic v. Patrick Shin, et al;**
> **Civil No. 20-00283 JAO WRP**

Dear Judge Porter:

In accordance with Your Honor's Entering Order of today [ECF No. 78] and LR37.1(c), Local Rules of Practice for the United States District Court for the District of Hawaiʻi ("Local Rules"), Defendants Patrick Shin and Nan, Inc. (collectively, "Nan Defendants") respectfully join in the arguments asserted by Defendants Richard Wilson ("Wilson") and Terry Revere ("Revere") in their letter brief submitted today [ECF No. 80].

Additionally, the Nan Defendants write to address why Plaintiff's *Motion for Protective Order and for Sanctions for Discovery Abuses and Not Complying with the Court's Order* (filed November 20, 2020) [ECF No. 74] ("Motion for Protective Order") should be denied.

First, although the Court indicated today that it is treating Plaintiff's Motion for Protective Order as his letter brief, Plaintiff failed to comply with LR37.1(a) and (b) before filing his Motion for Protective Order last Friday. Therefore, his motion and corresponding request for sanctions should not be entertained. *See* LR37.1(a) ("The court will not entertain any motion pursuant to Fed. R. Civ. P. 26 through 37..."); *see also,* Fed. R. Civ. P. 37(a)(5)(A)(i).

Second, even if the Court entertains Plaintiff's request for sanctions, the Nan Defendants maintain that such request should be denied because filing an Amended Notice of Deposition was substantially justified and the circumstances would make such an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

Notably, this Honorable Court permitted Plaintiff a "short postponement" of his December 1, 2020 deposition so that he could spend time with his family.[1] *See* ECF No. 68 at

---

[1] Now that Plaintiff has a full-time job, his deposition – that would occur during business hours – would not take away time that he would otherwise spend with his family; rather, it would

1296446/1843.003

The Honorable Wes Reber Porter
November 23, 2020
Page 2

PageID#1086.  The Court further ordered that "Plaintiff's deposition **shall** proceed **on or after** December 14, 2020."  *Id.* (emphasis added). The approval of a *short* postponement coupled with the language "on or after December 14, 2020," indicates that deposing Plaintiff in mid-December would be justified. However, Plaintiff claimed to be unavailable until the first week of January 2021.  Plaintiff's claim of unavailability and Wilson and Revere's Amended Notice of Deposition setting Plaintiff's deposition for December 17, 2020, does nothing other than show that "the parties are unable to agree on a date for Plaintiff's deposition on or after December 14, 2020." *Id.*  In which case, letter briefs are being filed in accordance with the Court's Order.[2]

The deposition notice does not impact the expedited briefing schedule and merely serves as a placeholder until the Court rules on the parties' letter briefs. Getting a deposition date on the books is substantially justified given that Plaintiff has been steadfast in his efforts to delay this litigation and to have it conducted on his own terms.[3]  Even now, Plaintiff claims that he is only available to meet and confer at 8:30 p.m., a patently unreasonable time, but one in which Defendants will accommodate just to keep the ball moving.

Moreover, Wilson and Revere have already informed Plaintiff that they would amend the Notice of Deposition if the Court determines that Plaintiff should not be deposed on December 17, 2020.  Simply filing an Amended Notice of Deposition is not a "blatant disregard for the Court's order" as Plaintiff posits *see* ECF No. 74 at PageID#1212, nor does it amount to bad faith.

Third, despite Plaintiff's contention that this Court should issue sanctions pursuant to its inherent power (*see* ECF No. 74 at PageID#1212), by arguing that Defendants failed to comply with the Court's Order, Plaintiff's Motion for Protective Order [ECF No. 74] is plainly based on Rule 37(b), Federal Rules of Civil Procedure. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 2136 (1991) (finding that when conduct in the course of litigation could be adequately sanctioned under the Rules, courts should ordinarily rely on the Rules rather than inherent power). Regardless, sanctions under the Rules or pursuant to the Court's inherent authority is not warranted.

---

take time away from his new job (an argument that was never a basis for Plaintiff's first Motion for Protective Order [ECF No. 60] anyway).

[2] Given the Court's Order to file letter briefs by November 23, 2020, there was absolutely no need for urgency on Plaintiff's part to seek a protective order and sanctions. The Motion for Protective Order was entirely unnecessary. Plaintiff claims to be too busy to sit for a deposition or send an e-mail with his production documents, yet within the last six days he has submitted four court filings, served his First Amended Initial Disclosures, and sent countless e-mails.

[3] The docket contains numerous examples of this. *See, e.g.*, ECF No. 37 (Plaintiff's Motion to Extend Deadline to File his Second Amended Complaint); ECF No. 40 (Plaintiff's Motion to Postpone Rule 16 Scheduling Conference); ECF No. 59 (Plaintiff's Motion to Stay Discovery, Appoint Discovery Master, etc.); and ECF No. 60 (Plaintiff's [first] Motion for Protective Order, etc.).

The Honorable Wes Reber Porter
November 23, 2020
Page 3

Sanctions imposed under the Court's inherent authority require a finding of bad faith. *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). And a district court's "inherent disciplinary power must be exercised with restraint and discretion." *Id.* at 1223. The Nan Defendants submit that simply filing an amended Notice of Deposition is not the type of conduct that amounts to bad faith. *Cf. id.* at 1223 (affirming sanctions where record demonstrated by clear and convincing evidence that party engaged in a pattern of bad faith litigation conduct over an extended time period and acted recklessly).

For the foregoing reasons, the Nan Defendants respectfully request that the Court keep Plaintiff's deposition scheduled for December 17, 2020, beginning at 9:00 a.m., and deny Plaintiff's request that Defendants be sanctioned either under the Rules or pursuant to the Court's inherent authority.

Respectfully,

/s/ *Richard M. Rand*

Richard M. Rand
Andrea Lux Miyashita

cc:    Bosko Petricevic, Esq. *(via CM/ECF)*
       Richard Wilson, Esq. *(via CM/ECF)*
       Terrance Revere, Esq. *(via CM/ECF)*