BOSKO PETRICEVIC          8443
P.O. Box 38
Honolulu, Hawaii 96810
Telephone: (402) 301-3716
E-mail:      boskopetricevic@hotmail.com

PRO-SE PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK SHIN; RICHARD WILSON; TERRANCE REVERE; NAN INC., a domestic profit corporation,<br><br>Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br>**MOTION TO STRIKE PART OF DEFENDANTS WILSON AND REVERE'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL; CERTIFICATE OF SERVICE**<br><br>Judge: Honorable Jill A. Otake<br><br>Trial date: December 6, 2021, 9:00 AM |

**MOTION TO STRIKE PART OF DEFENDANTS WILSON AND REVERE'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL FILED ON DECEMBER 20, 2020 (ECF No. 112)**

Plaintiff hereby, pursuant to Local Rule 7.2, submits his Motion to Strike part of

the Defendants Wilson and Revere's Reply in Support of their Motion to Compel filed

on December 20, 2020 (Defendants' Reply) - ECF No. 112.

Local Rule 7.2 clearly states that "a reply must respond only to arguments raised

in the opposition" and that any "argument raised for the first time in the reply shall be

disregarded". In the Defendants' Reply, Defendants Wilson and Revere raise several

arguments for the first time.

1

## I.  ARGUMENT

**First argument** raised for the very first time starts on page 10 of the Defendants'

Reply. Defendants are arguing following:

> **"In his very skimpy response to the request for production, Plaintiff has already provided emails regarding his negotiations with Clay Chapman. Once Plaintiff opened the door, it remained open—he waived the ersatz "privilege**." Haw.R.Evid. 511's commentary provides as follows:
>
>> This rule closely resembles Uniform Rule of Evidence 510. The sole justification for any rule of privilege is protection of a personal right of confidentiality that is recognized to be of greater societal importance than the principle of free disclosure of all relevant evidence in a judicial proceeding. Any intentional disclosure by the holder of the privilege defeats this purpose and eliminates the necessity for the privilege in that instance. Consistent with this, waiver of privilege is generally absolute. Once confidentiality has been destroyed by intentional disclosure, the holder of the privilege may not reinvoke it, and the evidence is as admissible as if no privilege had initially existed.
>
> Emphasis added. Producing and filing confidential documents in an unsealed pleading is an intentional disclosure."

Defendants are arguing for the very first time that Plaintiff has already provided

emails regarding his negotiations with Clay Chapman, and therefore that Plaintiff has

waived the privilege regarding the settlement negotiation communications with Clay

Chapman.

First of all, Defendants have NOT raised this argument in their original motion to

compel and Plaintiff has never made any arguments regarding this supposed "waiver" in

Plaintiff's memorandum in opposition to Defendants' Motion to Compel (ECF No.

106). Therefore, this argument should be ignored and stricken from consideration pursuant to Local Rule 7.2.

Second of all, this argument is 100% FALSE, and doesn't even make sense. **Plaintiff has NEVER disclosed any of the settlement negotiation communications with Clay Chapman to the Defendants** and therefore there is NO waiver. Defendants provided NO exhibits proving this disclosure. This argument is simply FALSE.

And even if Plaintiff did supposedly disclose these settlement communications (which he did NOT), then why are the Defendants filing their motion to compel discovery of these settlement communications? According to them, they already have them.

As such, this argument that begins on page 10 of the Defendants' reply should be stricken and disregarded.

**Second argument** raised for the very first time starts on page 12 of the Defendants' Reply. Defendants are arguing following:

> "None of the cases cited by Plaintiff deal with a lawyer/plaintiff serially suing employers and opposing counsel. **The fact of the matter is that we have a Plaintiff who routinely sues employers, lawyers, and law firms claiming that each one ruined his life**. Defendants ought to be allowed to let the jury decide whether Plaintiffs is a serial claimant who brings frivolous claims to extort payments (like the one he just received from Clay Chapman), or he is just really unlucky. Plaintiff also claims that the documents are irrelevant because they just involve "posturing." Plaintiff's mast is his mast; he can fly any flag he wants. However, **Wilson/Revere should be allowed to counter his "posturing argument" by showing that he threatened the Clay Chapman with secret recordings of their supposed misconduct to extract a payment, and then— settlement check in hand— the recordings mysteriously disappeared**."

Defendants are arguing for the very first time that since Plaintiff claims that many different people have ruined his life including the Defendants, and since Plaintiff has supposedly threatened Clay Chapman with "secret recordings" and then made these recordings "disappear", that Defendants are entitled to the Settlement Agreement between Plaintiff and Clay Chapman and corresponding settlement negotiation communications.

First of all, Defendants have NOT raised this argument in their original motion to compel, and Plaintiff has never made any arguments regarding anyone "ruining his life" or any "secret recordings" in Plaintiff's memorandum in opposition to Defendants' Motion to Compel (ECF No. 106). Therefore, this argument should be ignored and stricken from consideration pursuant to Local Rule 7.2.

Second of all, this argument is also **100% FALSE**. Plaintiff has NEVER claimed that anyone has ruined his life. Plaintiff does claim certain damages, but there IS NOT a single allegation of anyone ruining his life. This allegation was NEVER made by Plaintiff in any of his legal actions. This allegation by Defendants is simply FALSE, and some sort of a fantasy that Defendants are proliferating to assert some ridiculous defense that Plaintiff is supposedly a serial "lawsuit filer". This is 100% FALSE.

Another thing that is **100% FALSE** is that Plaintiff has destroyed some "secret recordings". Plaintiff has already notified the Defendants that there were NEVER any recordings to begin with, and therefore, there CANNOT be any "destruction" of

something that NEVER existed. Defendants are once again purposely lying to this Court

and proliferating a FALSE allegation.

As such, this argument that begins on page 12 of the Defendants' reply should be

stricken and disregarded.

## II.    CONCLUSION

Based on the above, Plaintiff's instant Motion to Strike should be granted.

DATED:  Honolulu, Hawaii; December 20, 2020.

/s/ *BOSKO PETRICEVIC*
BOSKO PETRICEVIC
PRO-SE PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>      Plaintiff,<br><br>  vs.<br><br>PATRICK SHIN; RICHARD WILSON;<br>LAW OFFICE OF RICHARD E.<br>WILSON; JOHN DWYER;<br>TERRANCE REVERE; REVERE &<br>ASSOCIATES LLLC; NAN INC., a<br>domestic profit corporation,<br><br>      Defendants. | CIVIL NO. CV 20-00283 JAO-WRP<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MOTION TO STRIKE PART OF**

**DEFENDANTS WILSON AND REVERE'S REPLY IN SUPPORT OF THEIR**

**MOTION TO COMPEL** in the above-entitled action was duly served electronically

through the Hawaii Judiciary CM/ECF and also via email, on December 20, 2020, on

the following counsel of record and/or parties:

    1.    Terrance Revere

        Revere & Associates LLLC
        Pali Palms Plaza
        970 North Kalaheo Ave., Suite A301
        Kailua, HI 96734
        808-791-9550
        terry@revereandassociates.com

ATTORNEY FOR DEFENDANTS

Richard Wilson
Law Office of Richard E. Wilson


2.    LAW OFFICES OF RICHARD E. WILSON, LLC
RICHARD E. WILSON
5614 735 Bishop St., Suite 306
Honolulu, Hawaii 96813
Tel. No. (808) 545-1311
rewilson_law@yahoo.com

ATTORNEY FOR DEFENDANTS
Terrance Revere
Revere & Associates LLLC

3.    Richard M. Rand
Marr Jones & Wang LLP
Pauahi Twr.
1003 Bishop St
Ste. 1500
Honolulu, HI 96813
(808) 536-4900
rrand@marrjones.com

ATTORNEYS FOR DEFENDANTS
Patrick Shin
NAN INC., a domestic profit corporation,


DATED: Honolulu, Hawaii; December 20, 2020.


/S/ *BOSKO PETRICEVIC*
BOSKO PETRICEVIC
PRO-SE PLAINTIFF