IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BOSKO PETRICEVIC, | ) | CIVIL NO. 20-00283 LEK-WRP |
| | ) | |
| Plaintiff, | ) | ORDER AS TO DEFENDANTS' |
| | ) | MOTION TO COMPEL |
| vs. | ) | PRODUCTION OF DOCUMENTS |
| | ) | AND THE JOINDER THERETO, |
| PATRICK SHIN, ET AL., | ) | ECF NOS. 100, 102, PLAINTIFF'S |
| | ) | MOTIONS TO STRIKE, ECF NOS. |
| Defendants. | ) | 112, 115 |
| | ) | |
| | ) | |

ORDER AS TO DEFENDANTS' MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND THE JOINDER THERETO, ECF NOS. 100, 102,
AND PLAINTIFF'S MOTIONS TO STRIKE, ECF NOS. 112, 115

Three motions are before the Court: (1) Defendants Richard Wilson,

Law Office of Richard Wilson, Terrence Revere, and Revere & Associates, LLC's[1]

Motion to Compel Production of Documents, ECF No. 100, (Motion to Compel)

and Defendants Patrick Shin and Nan, Inc. (collectively, the Nan Defendants)

Joinder thereto, ECF No. 102; (2) Plaintiff's Motion to Strike Part of Defendants

Wilson and Revere's Reply in Support of their Motion to Compel, ECF No. 113

---

[1] Although the Motion to Compel is titled to include the Law Office
of Richard E. Wilson and Revere & Associates LLLC, the Court notes that the
Law Office of Richard E. Wilson and Revere & Associates LLLC were terminated
from this lawsuit when Plaintiff filed his Second Amended Complaint. See ECF
No. 67.

(First Motion to Strike); and (3) Plaintiff's Motion to Strike Entire Defendants

Patrick Shin and Nan, Inc.'s Reply in Support of Substantive Joinder, ECF No. 115

(Second Motion to Strike).  The parties completed briefing on these Motions on

January 18, 2021.  See ECF Nos. 106, 112, 115, 117, 121, 122, 133, 136.  The

Court found the Motions suitable for disposition without a hearing pursuant to

Rule 7.1(c) of the Local Rules of Practice of the United States District Court for

the District of Hawaii.  See ECF Nos. 101, 104, 114, 118.

After careful consideration of the record in this action and the relevant

legal authority, the Court GRANTS the First Motion to Strike, GRANTS IN PART

AND DENIES IN PART the Second Motion to Strike, and GRANTS IN PART

AND DENIES IN PART the Motion to Compel.

BACKGROUND

On June 22, 2020, Plaintiff filed this action alleging employment

discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq., against Nan,

Inc. and alleging violations of 42 U.S.C. § 1985(2) against Patrick Shin, Richard

Wilson, John Dwyer, Terry Revere, and Nan, Inc.  See ECF No. 1.

In response to Plaintiff's original Complaint, Defendants Wilson and

Revere filed a motion to dismiss on July 2, 2020.  See ECF No. 7.  A week later,

Plaintiff filed a timely First Amended Complaint naming the Law Office of

Richard E. Wilson and Revere & Associates LLLC as additional Defendants and

adding a claim for tortious interference with contractual relations against all

Defendants.  See ECF No. 10.  In light of the First Amended Complaint, the court

found that the pending motion to dismiss was moot.  See ECF No. 13.

Defendants filed motions to dismiss Plaintiff's First Amended

Complaint on July 16, 2020.  See ECF Nos. 14, 24.  Plaintiff then filed a motion

for leave to file a Second Amended Complaint.  See ECF No. 24.

On September 25, 2020, the Court issued an order granting in part and

denying in part Plaintiff's motion for leave to file a Second Amended Complaint.

See ECF No. 33.  In that order, the Court granted Plaintiff leave to add various

claims against the law firm of Clay Chapman Iwamura Pulice & Nervell (Clay

Chapman) and several individual partners at Clay Chapman based on Plaintiff's

allegations that they conspired with Defendant Wilson, Defendant Revere, and the

Nan Defendants to interfere with Plaintiff's federal law suit and his continued

employment with Clay Chapman.  See id.

The district court then denied the pending motions to dismiss as moot.

See ECF No. 39.  After the Court granted Plaintiff additional time, Plaintiff filed a

Second Amended Complaint on November 13, 2020.  See ECF Nos. 38, 67.  The

Second Amended Complaint filed by Plaintiff did not comply with the Court's

prior order.  See ECF No. 67.  Less than two week later, Plaintiff filed a motion for

leave to file a Third Amended Complaint.  See ECF No. 85.  The proposed Third

Amended Complaint did not assert any claims against Clay Chapman or the individual partners at Clay Chapman.  See ECF No. 85-1.

On January 22, 2021, the Court granted in part Plaintiff's request for leave to file a Third Amended Complaint and gave Plaintiff until February 5, 2020 to file a Third Amended Complaint.  See ECF 142.  Plaintiff has been granted leave to assert various claims against Defendants based, in part, on allegations that Defendants interfered with Plaintiff's employment at Clay Chapman.  See id.

DISCUSSION

As an initial matter, the Court must address the tone and content of the parties' submissions to the Court to date.  The briefing that has been submitted to the Court **by all parties** in this action is replete with accusations, insults, insinuations, sarcasm, and asides.  To be very clear, repeatedly including these ancillary statements in the briefing to the Court is unpersuasive, unprofessional, and unbecoming of the attorneys involved this action.  And it is not helpful to your argument above all else.

The Court hereby orders the parties to focus on the legal issues in this action and ensure that their submissions to the Court reflect the values espoused in the Hawaii Rules of Professional Conduct.  The Court will no longer spend time needlessly wading through these portions of the briefing in search of legal argument.  With this Order, the parties are on notice that in future filings the Court

4

may strike extraneous portions and impose proportionate sanctions *sua sponte*.

Turning to the substantive Motions pending before the Court, because Plaintiff's First and Second Motions to Strike ask the Court to disregard portions of Defendants' Replies in support of the Motion to Compel, the Court addresses the Motions to Strike first.

### 1.  The Court GRANTS Plaintiff's First Motion to Strike

Local Rule 7.2 provides that "[a] reply must respond only to arguments raised in the opposition" and that "[a]ny argument raised for the first time in reply shall be disregarded."  LR7.2.  In the First Motion to Strike, Plaintiff asks the Court to strike specific portions of Defendant Wilson and Defendant Revere's Reply in Support of their Motion to Compel.  See ECF No. 113. Specifically, Plaintiff asks the Court to strike the portions regarding waiver under Hawaii Rule of Evidence 511 and alleged threats of secret recordings.  See id. at 2-7.

Although Defendants correctly note that Rule 12(f), which addresses striking a pleading, does not apply to their Reply, the Court construes Plaintiff's motion as a request for the Court to disregard portions of the Reply under Local Rule 7.2.  See ECF No. 121 at 2-3.  The Court also agrees with Defendants that a motion from Plaintiff was not required because Local Rule 7.2 allows the Court to disregard any new argument without a motion.  See id.  However, nothing in the

5

Local Rules prohibit Plaintiff from filing a motion regarding Defendants' Reply

and notes that similar motions asking the Court to disregard matters in a reply or to

allow a sur-reply are not uncommon.  Based on the Court's review of the briefing

in this matter, the Court agrees with Plaintiff that the portions of the Reply at issue

present new factual and legal arguments and do not respond to the arguments

raised in Plaintiff's Opposition to the Motion to Compel.  See ECF Nos. 106, 112.

Accordingly, the Court GRANTS Plaintiff's First Motion to Strike and will

disregard the portions at issue in Defendant Wilson and Defendant Revere's Reply

in support of their Motion to Compel.

**2. The Court GRANTS IN PART AND DENIES IN PART**

**Plaintiff's Second Motion to Strike**

In the Second Motion to Strike, Plaintiff asks the Court to strike the

entirety of the Nan Defendants' Reply in support of its Joinder in the Motion to

Compel.  See ECF No. 116.  Plaintiff argues that the Nan Defendants were not

entitled to file a reply under Local Rule 7.7.  See id. at 2-3.  Alternatively, Plaintiff

asks the Court to strike the portions of the Reply that discuss Exhibits A and B to

the Reply, which were not previously presented to the Court.  See id. at 2.

First, the Court DENIES Plaintiff's request to strike the entirety of the

Reply.  Under Local Rule 7.7, "a party that has joined in a motion may file its own

reply . . . by the reply deadline only if the opposition has addressed matters unique

6

to that joining party."  LR7.7.  As noted by the Nan Defendants, Plaintiff's

Opposition to the Motion to Compel addresses Plaintiff's Title VII claim, which is

only asserted against Defendant Nan, Inc.  See ECF No. 122 at 3 (citing ECF No.

106 at 9; ECF No. 115 at 4, 9-10).  Additionally, Plaintiff's Opposition to the

Motion to Compel addresses a case that was only cited by the Nan Defendants in

their Joinder.  See id. at 3-4 (citing ECF No. 102 at 6-9; ECF No. 106 at 14); see

also ECF No. 115 at 15.  Accordingly, the Court finds that the Nan Defendants

were entitled to file a Reply in support of their Joinder in the Motion to Compel

under Local Rule 7.7.  The Court DENIES Plaintiff's request to strike the entirety

of the Nan Defendant's Reply.

Second, based on the Court's review of the briefing, the Court agrees

with Plaintiff's alternative arguments that the Court should disregard the portions

of the Reply that discuss Exhibits A and B to the Reply, which were not previously

presented to the Court.  See id. at 2.  In Opposition, the Nan Defendants argue that

this material was not addressed in its Joinder because it was not produced in

discovery until after the Joinder was filed.  See ECF No. 122 at 3.  Although the

Court understands that discovery is ongoing while other matters are pending before

the Court, this does not excuse the Nan Defendants' failure to comply with the

requirements of Local Rule 7.2, which limits the reply to arguments raised in the

opposition.   The Court GRANTS IN PART Plaintiff's Second Motion to Strike

and will disregard the portions at issue in the Nan Defendants' Reply in support of their Joinder in the Motion to Compel.

### 3.  The Court GRANTS IN PART AND DENIES IN PART the Motion to Compel and Joinder Thereto

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In determining whether the discovery is "proportional to the needs of the case," the court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Id.

A party may move for an order compelling discovery after a good faith attempt to confer with the party failing to respond.  See Fed. R. Civ. P. 37(a)(1).  Specifically, a party may move for an order compelling discovery if a party "fails to produce documents."  Fed. R. Civ. P. 37(a)(3)(iv).  Local Rule 26.2(c) requires that the moving party set forth "the pertinent interrogatories, requests for production, or requests for admissions, and answers or objections" in any motion to compel.  See LR26.2(c).

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1). The Court may, for good cause, also issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G). Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Veterans for Common Sense v. Shinseki, 644 F.3d 845, 888 (9th Cir. 2011) ("'[B]road discretion is vested in the trial court to permit or deny discovery.'") (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

**A.  The Court GRANTS Defendants' Request to Compel Plaintiff to Produce "all documents pertaining to [Plaintiff's] settlement agreement or agreements with Clay Chapman or any of its attorneys"**

In the Motion to Compel and Joinder, Defendants ask the Court to compel Plaintiff to produce "all documents pertaining to [Plaintiff's] settlement agreement or agreements with Clay Chapman or any of its attorneys."  ECF No. 100-1, 102.  For purposes of this Order, the Court refers to this category of requested documents as the Clay Chapman Settlement Documents.

Plaintiff argues that the Clay Chapman Settlement Documents are not discoverable because they are confidential, protected from disclosure by Federal Rule of Evidence 408, and are not relevant.  See ECF No. 106 at 6-22.

First, the Court rejects Plaintiff's argument that the Clay Chapman Settlement Documents are protected from discovery because they are confidential. Discovery regularly involves documents that contain confidential information. The appropriate way to address the confidentiality of documents produced in discovery is to seek a protective order limiting the use of such documents.  Here, the parties have already entered into a Stipulated Protective Order that allows a producing party to designate material as "confidential" and limits the use of such documents.  See ECF No. 95.  The Court recognizes the important public policy reasons for encouraging settlement discussions mentioned in Plaintiff's Opposition but finds that these considerations are adequately addressed by the Stipulated Protective Order and do not override Rule 26(a)'s definition on the scope of discoverable information.

Second, the Court is also unpersuaded by Plaintiff's reliance on Federal Rule of Evidence 408 to argue that the Clay Chapman Settlement Documents are undiscoverable.  See ECF No. 106 at 13-17.  Rule 408 is an evidentiary rule governing admissibility of the parties' settlement negotiations and statements at trial.  Rule 408 provides that evidence of "furnishing, promising, or

10

offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" or "conduct or a statement made during compromise negotiations about the claim" are "not admissible—*on behalf of any party*—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a) (emphasis added). Here, Defendants were not a party to the Clay Chapman settlement and admissibility is not yet at issue as Defendants merely seek discovery of the settlement documents. Further, Rule 408 is not "a privilege precluding the discovery of relevant information" and "does not protect settlement negotiations from discovery." Gramercy Grp., Inc. v. D.A. Builders, LLC, 2017 WL 5179530, at *3-4 (D. Haw. Nov. 8, 2017) (citing Phoenix Sols. Inc. v. Wells Fargo Bank, N.A., 254 F.R.D. 568, 584 (N.D. Cal. 2008) ("On its face, the rule applies to the admissibility of evidence at trial, not to whether evidence is discoverable.")). Plaintiff provides no controlling Ninth Circuit authority that settlement documents are protected from discovery or subject to a heightened standard of discovery. See ECF No. 106 at 13-17.

Third, the Court finds that the Clay Chapman Settlement Documents are relevant to the claims and defenses in this litigation. As noted above, one of the central claims in this litigation is that Defendants conspired to interfere with Plaintiff's employment at the Clay Chapman law firm. Plaintiff alleges that

Defendants conspired amongst themselves and with individuals from the Clay

Chapman law firm to violate Plaintiff's rights.  It is undisputed that the Clay

Chapman law firm and several individuals from the firm were previously included

as defendants in this action and were subsequently dropped from this litigation

after Plaintiff settled his claims with them.  The Court finds that the Clay Chapman

Settlement Documents are relevant to Plaintiff's claims regarding tortious

interference with contract and tortious interference with prospective economic

advantage, relevant to the credibility of Plaintiff and witnesses from the Clay

Chapman law firm, and relevant to Defendants' defenses to Plaintiff's claimed

damages.  At this early stage of the litigation, the Court need not resolve the

disputes raised by the parties regarding the proper calculation of damages, issues of

contribution, or the application of comparative fault.  See ECF No. 100-1 at 8-10;

ECF No. 102 at 12-15; ECF No. 106 at 10-12.  For purposes of the Motion to

Compel, Defendants have sufficiently demonstrated that he Clay Chapman

Settlement Documents are relevant and proportional to the needs of this case.

The Court GRANTS Defendants' request to compel Plaintiff to

produce all documents pertaining to Plaintiff's settlement agreement or agreements

with Clay Chapman or any of its attorneys.  Plaintiff shall produce such documents

no later than February 12, 2020.

12

**B.  The Court DENIES Defendants' Request to Compel Plaintiff to Produce Other Documents Responsive to the First Request for Production**

Although the Clay Chapman Settlement Documents are the main focus of the Motion to Compel and Joinder, it appears that the Motion to Compel also includes a broad request that the Court compel Plaintiff to produce documents responsive to the following discovery requests:

> 1. Any and all documents regarding your separation from employment from any Hawaii employer, including but not limited to Clay Chapman.
>
> 2. Any and documents pertaining to any claims you have asserted pertaining to any claims you have asserted against any Hawaii attorneys, employers or law firms including but not limited to Nan, Inc., Gary Galiher, Jack Dwyer, Margery Bronster, David Schulmeister, any attorney at Clay Chapman, the Property Rights Law Group or Michael J. Green. Note: the word "claim" is to be construed broadly and to include any writing in which you sought money, or other relief for yourself, whether asserted in a formal pleading or not.
>
> 3. Any and all documents pertaining to your performance at Clay Chapman including complaints from employees, attorneys (including "of counsel" attorneys) or clients. . .
>
> * * *
>
> 5. Any and all employment related settlement agreements that you were a party to.

ECF No. 100-1 at 2-3, 11 (stating that "Defendants request that Plaintiff be immediately compelled to produce any and all documents responsive to the discovery requests listed above, including but not limited to the settlement

agreement reached with Clay Chapman and all documents leading up to it.").

The Court DENIES Defendants' request to compel Plaintiff to produce documents responsive to these requests because the Motion to Compel fails to comply with Local Rule 26.2(c) as to these requests.  Under Local Rule 26.2(c), "[a] motion to compel discovery shall set forth only the pertinent interrogatories, requests for production, or requests for admissions, and answers or objections."  LR26.2(c).  The Motion to Compel does set forth any legal or factual arguments explaining to the Court why any specific responses to these particular requests are deficient.  Even if it is Defendants' position is that *all* of Plaintiff's responses are deficient, it remains Defendants' obligation to set forth the legal and factual arguments to support the request to compel.  See Franklin v. Smalls, 2012 WL 5077630, *31 (S.D. Cal., Oct. 18, 2012) (denying the plaintiff's motion to compel where the plaintiff failed to satisfy his "minimum" burden of "informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action"); see also Masterson v. Campbell, No. CIV S–05–0192 JAM DAD P, 2009 WL 2824754, at *2 (E.D. Cal. Sept. 1, 2009) ("The Court will not review each of plaintiff's discovery requests and each of defendants' responses thereto in order to determine

14

whether any of the defendants' responses are somehow deficient.").  Because

Defendants fails to meet this minimum burden, the Court is unable to address the

relevancy of the information sought in these discovery requests and DENIES

Defendants' request to compel the production of documents as to these requests.

### C.  The Court DENIES Defendants' Requests Related to Plaintiff's Deposition

For the first time in their Replies, Defendants ask the Court to allow

Plaintiff's deposition to be reopened and for the Court to order that Plaintiff pay

the costs associated with any reopened deposition.  See ECF No. 112 at 3 (stating

that "should a second deposition be required; [Defendants] request that [Plaintiff]

foot the bill"); ECF No. 115 at 20 (requesting an award of costs "including the cost

of a second deposition of Plaintiff").  Based on Local Rule 7.2 as discussed in

detail above regarding Plaintiff's Motions to Strike, the Court disregards and

DENIES Defendants' requests as to Plaintiff's second deposition and the

associated costs.

### D.  The Court Declines to Apportion the Reasonable Expenses Incurred in Relation to the Motion to Compel

Under Rule 37, if a motion to compel is granted in part and denied in

part, the Court may "apportion the reasonable expenses for the motion."  Fed. R.

Civ. P. 37(a)(5)(C).  The Court declines to apportion the reasonable expenses for

the Motion to Compel.

## CONCLUSION

The Court GRANTS Plaintiff's Motion to Strike Part of Defendants

Wilson and Revere's Reply in Support of their Motion to Compel, ECF No. 113.

The Court GRANTS IN PART AND DENIES IN PART Plaintiff's

Motion to Strike Entire Defendants Patrick Shin and Nan, Inc.'s Reply in Support

of Substantive Joinder, ECF No. 115, as detailed above.

The Court GRANTS IN PART AND DENIES IN PART Defendants

Richard Wilson, Law Office of Richard Wilson, Terrence Revere, and Revere &

Associates, LLC's Motion to Compel Production of Documents, ECF No. 100, and

Defendants Patrick Shin and Nan, Inc. Joinder thereto, ECF No. 102, as detailed

above.  Plaintiff shall produce all documents pertaining to Plaintiff's settlement

agreement or agreements with Clay Chapman or any of its attorneys no later than

February 12, 2020.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JANUARY 29, 2021.



Wes Reber Porter
United States Magistrate Judge

**PETRICEVIC v. SHIN, ET AL.; CIVIL NO. 20-00283 LEK-WRP; ORDER AS TO
DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
THE JOINDER THERETO, ECF NOS. 100, 102, PLAINTIFF'S MOTIONS TO
STRIKE, ECF NOS. 112, 115**