UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PATRICK SHIN, RICHARD WILSON, JOHN DWYER, TERRANCE REVERE, NAN, INC., A DOMESTIC PROFIT CORPORATION,<br><br>　　　　　Defendants. | CIV. NO. 20-00283 LEK-WRP |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**<u>PERMISSION TO FILE INTERLOCUTORY APPEAL</u>**

On June 30, 2021, this Court issued it Order Granting Defendants' Motion to Dismiss Third Amended Complaint ("6/30/21 Order").[1]  [Dkt. no. 251.]  On July 7, 2021, pro se Plaintiff Bosko Petricevic ("Plaintiff") filed his Petition for Permission to File Interlocutory Appeal of "Order Granting Defendants' Motion to Dismiss Third Amended Complaint" – ECF 251, Issued on June 30, 2021 ("Motion").  [Dkt. no. 254.]  On July 9, 2021, former Defendants Terrance Revere ("Revere") and Richard Wilson ("Wilson" and collectively "Former Defendants") filed their opposition to the Motion ("Memorandum in Opposition").  [Dkt. no. 255.]  On July 21, 2021, Defendants Patrick Shin ("Shin") and Nan, Inc. ("Nan" and collectively "Nan Defendants") filed

---

[1] The 6/30/21 Order is also available at 2021 WL 2700382.

their joinder in the Memorandum in Opposition.  [Dkt. no. 260.] On July 23, 2021, Plaintiff filed his reply.  [Dkt. no. 73.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Plaintiff's Motion is hereby denied for the reasons set forth below.

### BACKGROUND

The parties are familiar with the facts and they will not be repeated here.  In sum, Plaintiff filed an employment discrimination suit in Hawai`i state court against Nan and Shin after he was fired from his position as Nan's in-house counsel. He filed a subsequent lawsuit against the attorneys who represent(ed) Nan in state court, as well as Nan, Shin, and another attorney, Defendant John Dwyer, alleging they conspired and exerted their influence to have him fired from his next employer, the law firm of Clay Chapman Iwamura Pulice & Nervell ("Clay Chapman").  See 6/30/21 Order, 2021 WL 2700382, at *1-2. Plaintiff was eventually fired from Clay Chapman, and his termination letter indicates that he was fired for poor performance, specifically he missed meetings, hearings, and court appearances.  [Def. John Dwyer's Concise Statement of Facts in Supp. of Motion to Dismiss or, Alternatively, for Summary Judgment, filed 5/7/21 (dkt. no. 214), Decl. of David A.

Nakashima, Exh. C (termination letter dated 7/31/20).]  In his Motion, Plaintiff argues there is substantial ground for a difference of opinion as to the controlling question of law in the 6/30/21 Order, and asks that he be granted permission to file an interlocutory appeal from the 6/30/21 Order.

## **STANDARD**

Generally, an appellate court should not review a district court ruling until after entry of a final judgment. See 28 U.S.C. § 1291; see also In re Cement Antitrust Litig., 673 F.2d 1020, 1025-26 (9th Cir. 1982), *aff'd sub nom.*, Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983).  However,

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b).  Therefore,

> [a] "movant seeking an interlocutory appeal [under 28 U.S.C. § 1292(b)] has a heavy burden to show that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks

3

and citation omitted);[2] see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly[]"); Du Preez v. Banis, No. CIV. 14-00171 LEK-RLP, 2015 WL 857324, at *1 (D. Haw. Feb. 27, 2015) (collecting cases).  Certification for interlocutory appeal under § 1292(b) is only appropriate where: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Botelho v. Nielsen, CIV. NO. 18-00032 ACK-RLP, 2019 WL 1521980, at *1 (D. Hawai`i Apr. 8, 2019) (some alterations in Botelho). Section 1292(b) was not intended "'merely to provide review of difficult rulings in hard cases.'" Env't Prot. Info. Ctr. v. Pac. Lumber Co., No. C 01-2821, 2004 WL 838160, at *2 (N.D. Cal. Apr. 19, 2004) (quoting United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).  Therefore, only "[i]n rare circumstances" may a district court "allow an immediate appeal of an interlocutory order." Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc., No. C 05-04158 MHP, 2007 WL 1119193, at *2 (N.D. Cal. April 16, 2007) (citing James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)). "Even when all three statutory criteria are satisfied,

---

[2] Coopers & Lybrand was superseded on other grounds by Fed. R. Civ. P. 23(f).  See Microsoft Corp. v. Baker, 137 S. Ct. 1702 (2017).

4

district court judges have unfettered discretion to deny certification." United States ex rel. Toomer v. TerraPower, LLC, Case No. 4:16-cv-00226-DCN, 2019 WL 6689888, at *3 (D. Idaho Dec. 6, 2019) (citation and quotation marks omitted).

## DISCUSSION

Although he is a licensed attorney, Plaintiff's filings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed[.]" (citation and internal quotation marks omitted)).

### I. Controlling Question of Law

"While Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026 (some citations omitted) (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. (citation omitted). However, this definition of "controlling" is viewed in light of "the congressional directive that section 1292(b) is to be applied

5

sparingly and only in exceptional cases, and that the 'controlling question of law' requirement be interpreted in such a way to implement this policy." Id. at 1027 (citations omitted). Furthermore, "'[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.'" Hightower v. Schwarzenegger, No. 1:04-cv-06028-OWW-SMS (PC), 2009 WL 3756342, at *2 (E.D. Cal. Nov. 6, 2009) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)).

Plaintiff asserts "it is undisputable that June 30, 2021 Order involves 'controlling question of law'. This Court has completely barred Plaintiff's claims against Defendants Wilson and Revere through application of intracorporate conspiracy doctrine and absolute litigation privilege." [Motion at 6 (emphases omitted).] Said another way, Plaintiff argues this Court erred when it "granted Defendants' Motion to Dismiss as to Counts I and II because attorneys cannot conspire in this context with their clients through application of intracorporate conspiracy doctrine, and as to Count III and V because of the absolute litigation privilege." [Id. (emphases omitted).] Both of Plaintiff's statements as to the controlling question of law element are assertions that the Court erred in the context-

6

specific application of the law to the alleged facts of this case.  Thus, Plaintiff has not alleged a pure question of law. See Rieve v. Coventry Health Care, Inc., 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) ("Examples of controlling questions of law include fundamental issues such as 'the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied.'" (some citations and internal quotation marks omitted) (quoting In re Cement Antitrust Litigation, 673 F.2d at 1026-27)).

## II.   **Substantial Ground for Difference of Opinion**

> There is a "substantial ground for difference of opinion" if there is a genuine dispute over the question of law that is the subject of the appeal. In re Cement Antitrust Litig., 673 F.2d at 1026. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals has not spoken on the point." Id. (citation and quotation marks omitted).

Botelho, 2019 WL 1521980, at *3.  "[I]nterlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief.  A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not

7

merely where they have already disagreed." Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" Couch, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

Plaintiff has not presented any cases where the plaintiff was permitted to sue the attorneys of a litigation opponent for their conduct in representing that opponent under a claim akin to those in this case.[3] He also posits that the 6/30/21 Order presents a matter of first impression. [Motion at 8.] However, "[i]t is well settled that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Couch, 611 F.3d at 634 (citations and internal quotation marks omitted). Regardless, even if novel, neither the conclusion in the 6/30/21 Order that an attorney cannot conspire with his client while acting in a representative capacity, 6/30/21 Order, 2021 WL 2700382, at *6, nor the

---

[3] As far as the Court can tell, Plaintiff does not cite directly to any cases; instead, he refers the Court to his memorandum in opposition to Wilson and Revere's motion to dismiss, [filed 3/26/21 (dkt. no. 188)]. See Motion at 7.

conclusion that the absolute litigation privilege protects the communications he engaged in while representing a client, id. at *9-10, is an extraordinary ruling sufficient to warrant deviation from the general preference of avoiding piecemeal appeals.

### III. **Materially Advance the Ultimate Termination of Litigation**

> The requirement that an interlocutory appeal materially advance the ultimate termination of the litigation is directed to the very purpose of § 1292(b) — to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." United States v. Adam Bros. Farming, Inc., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); see also In re Cement Antitrust Litig., 673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").

Leite v. Crane Co., Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *6 (D. Hawai`i May 31, 2012) (alteration in Leite).

Plaintiff has not demonstrated that this case constitutes exceptional circumstances featuring expensive and protracted litigation. Instead, there are a small number of parties, interacting over a short period of time, the alleged wrongdoing is straightforward, the deals involved are not complex, and there is not voluminous evidence to review, nor complicated contracts to interpret. Therefore, Plaintiff has not demonstrated the requisite exceptional circumstances such

9

that the litigation to be avoided by allowing the appeal of the interlocutory 6/30/21 Order would be particularly protracted or expensive as necessary to justify allowing piecemeal appeal.

## CONCLUSION

For the foregoing reasons, and moreover, as an exercise of judicial discretion, the Petition for Permission to File Interlocutory Appeal of "Order Granting Defendants' Motion to Dismiss Third Amended Complaint" – ECF 251, Issued on June 30, 2021, which Plaintiff filed on July 7, 2021, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 18, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BOSKO PETRICEVIC VS. PATRICK SHIN, ET AL; CV 20-00283 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE INTERLOCUTORY APPEAL**