# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 20-00283 LEK-WRP |
| CASE NAME: | Bosko Petricevic vs. Patrick Shin, et al. |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 12/16/2021 |

**COURT ACTION: EO: COURT ORDER: SUMMARY ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART DEFENDANTS PATRICK SHIN AND NAN, INC.'S MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION TO STAY, FILED 10/06/21 [DKT. NO. 284]**

  On October 6, 2021, Defendants Patrick Shin ("Shin") and Nan, Inc. (collectively "Defendants") filed the instant motion. See Defs.' Motion for Summary Judgment and Motion to Stay ("Motion"), filed 10/6/21 (dkt. no. 284). The Court provides the following as a summary outline of its decision, and this summary order will be superceded when the reasoned decision is filed.

  Defendants seek summary judgment on pro se Plaintiff Bosko Petricevic's ("Plaintiff") claims in the Third Amended Complaint ("TAC"), filed on February 5, 2021, [dkt. no. 151,] for "violation of 42 U.S.C. § 1985(2), part two (Count I), tortious interference with contractual relations (Count III), and tortious interference with prospective economic and business advantage (Count V)[,]" as well as "Plaintiff's claim for violation of Title VII (42 U.S.C. § 2000(e), et seq.) (Count IV) . . . ." [Memorandum in Support of Motion ("Mem. in Supp.") at 1.] Plaintiff filed his memorandum in opposition on November 19, 2021. [Dkt. no. 289.] The parties are familiar with the factual and procedural backgrounds in this litigation, and the Court need not repeat both here.

## STANDARDS

**I. Summary Judgment**

  In considering Defendants' Motion, this Court's function

> is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson [v. Liberty Lobby, Inc.], 477 U.S.[ 242,] 249 [(1986)]. Summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a). In making that determination, a court must view the evidence "in the light most favorable to the opposing party." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); see also Anderson, *supra*, at 255.

See Tolan v. Cotton, 572 U.S. 650, 656–57 (2014) (per curiam).

II. **Law-of-the-Case Doctrine**

Prior rulings in a case are subject to the law-of-the-case doctrine, which

> generally provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Pepper v. United States, 562 U.S. 476, 506 (2011) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The doctrine "expresses the practice of courts generally to refuse to reopen what has been decided," but it does not "limit [courts'] power." Messenger v. Anderson, 225 U.S. 436 (1912).

Musacchio v. United States, 577 U.S. 237, 244–45 (2016) (alteration in Musacchio).

III. **Claim Preclusion**

> Issue preclusion, or collateral estoppel, precludes relitigation of an issue already litigated and determined in a previous proceeding between the same parties. Clark [v. Bear Stearns & Co.], 966 F.2d [1318,] 1320 [(9th Cir. 1992)]. A federal court applying issue preclusion "must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered." Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 993 (9th Cir. 2001). . . .

Pike v. Hester, 891 F.3d 1131, 1138 (9th Cir. 2018).

Under Hawaiʻi law,

> "[r]es judicata" encompasses two distinct types of preclusion – claim preclusion and issue preclusion. Santos v. State of Hawaii, 64 Haw. 648, 652, 646 P.2d 962 (1982); [In re the] Dowsett [Tr.], 7 Haw. App. 640, 644, 791 P.2d 398 (1990). According to the doctrine of claim preclusion
>
>> [t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation not only of the [claims] which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.
>
> E.g., Dowsett, 7 Haw. App. at 644, 791 P.2d 398 (citing In re Bishop Estate, 36 Haw. 403, 416 (1943). Claim preclusion thus bars plaintiffs from pursuing successive suits where the claim was either litigated or could have been litigated in the first action. It also bars defendants from pursuing a subsequent action that could have been raised as a defense or counterclaim in the first suit. By contrast, issue preclusion only bars relitigation of particular issues actually litigated and decided in the prior suit. Id. at 644, 791 P.2d 398. Issue preclusion may be asserted in a subsequent action on a totally different claim.

Pedrina v. Chun, 906 F. Supp. 1377, 1399 (D. Hawaiʻi 1995) (some alterations in Pedrina) (footnote omitted), aff'd, 97 F.3d 1296 (9th Cir. 1996).

## DISCUSSION

### I. Section 1985(2) Conspiracy (Count I)

As to Count I, Defendants submit that they are entitled to summary judgment because this Court dismissed, with prejudice, the § 1985(2) counts against Defendants Richard Wilson and Terry Revere (collectively "Wilson and Revere") for the reason that the application of an attorney-client variant of the intracorporate conspiracy doctrine precludes Plaintiff's civil conspiracy claims as to Wilson and Revere regarding an alleged conspiracy by Wilson and Revere with Defendants (Wilson and Revere's clients) against Plaintiff by threatening his employment with the law firm of Clay Chapman Iwamura Pulice & Nervell ("Clay Chapman"). See Mem. in Supp. at 10-11; see also Order Granting Defendants' Motion to Dismiss Third Amended Complaint, filed 6/30/21 (dkt. no. 251) ("6/30 Order"), at 8-20. Thus, Defendants argue, the law of the case applies and summary judgment in favor of Defendants as to Count I is appropriate. Plaintiff, however, disputes that the intracorporate conspiracy doctrine applies to Defendants because, unlike Wilson and Revere, Defendants are not attorneys. See Mem. in Opp. at 9. Plaintiff misunderstands. He has alleged that Defendants conspired with their attorneys, Wilson and Revere, but this Court has ruled that the intracorporate conspiracy doctrine precludes civil conspiracy claims because the attorneys cannot conspire with their clients for purposes of § 1985(2). See 6/30 Order at 19. Because the law precludes § 1985(2) claims against attorneys on the basis that attorneys cannot conspire with their clients, it is axiomatic that the law also precludes such claims against these attorneys' clients for the same reason; that is, that clients cannot conspire with their attorneys. If Plaintiff's theory is that Shin and Nan, Inc. conspired against him, then this claim still fails because, as Defendants point out, "[a]s the owner, Shin is an agent of Nan, Inc. and, thus, cannot conspire with itself." [Mem. in Supp. at 11 (citation omitted).] Count I fails as a matter of law, and the Motion as to Count I is therefore GRANTED.

### II. Tortious Interference Claims (Counts III and V)

Plaintiff alleges two tortious interference claims against Defendants: tortious interference with contractual relations in Count III, and tortious interference with prospective economic and business advantage in Count V. As to both claims, he alleges that he was promised an equity partnership in a law firm and that Defendants intentionally induced his employer to take away his partnership and terminate his employment. [TAC at ¶¶ 154-58, 168-72.] Summary judgment was granted as to these same claims against Defendant John Dwyer ("Dwyer") on July 23, 2021. See Order Granting Defendant's Motion to Dismiss or Alternatively, for Summary Judgment, filed 7/23/21 (dkt. no. 261) ("7/23 Order").

#### A. Tortious Interference with Contractual Relations (Count III)

In the 7/23 Order, the Court found that

> there are no inferences that support the existence of a partnership contract between Plaintiff and Clay Chapman. Because no genuine issue of material fact exists that there was not a partnership contract between Plaintiff and Clay Chapman, Plaintiff's claim for tortious interference with contractual relations fails as a matter of law.

[Id. at 24.]  Plaintiff's claim against Defendants in Count III presents the same issue already decided by this Court as to Dwyer, and thus fails as a matter of law for the same reasons set forth in the 7/23 Order.  Defendants' Motion as to Count III is therefore GRANTED.

### B. Tortious Interference With Prospective Economic and Business Advantage (Count V)

An element of Plaintiff's claim of tortious interference with prospective economic and business advantage is that Defendants had knowledge of Plaintiff's relationship, advantage, or expectancy involving his partnership with the law firm.  See Wadsworth v. KSL Grand Wailea Resort, Inc., 818 F. Supp. 2d 1240, 1252 (D. Hawai'i 2010) (citation omitted).  In the 7/23 Order, this Court found that:

> Plaintiff relies on inadmissible hearsay to oppose Clay's testimony that "[n]o one outside of Clay Chapman ever requested or demanded that [Plaintiff] be terminated," [Dwyer['s concise statement of facts, filed 5/7/21 (dkt. no. 214), Decl. of David A. Nakashima], Exh. A ([Decl. of Gerald Clay]) at ¶ 12,] Perez-Mesa's testimony that he did not "promise or guarantee [Plaintiff] a partnership in Clay Chapman," [id., Exh. B ([Decl. of Carlos Perez-Mesa]) at ¶1 7,] and Dwyer's testimony that he was "unaware of and had no knowledge: (a) that [Plaintiff] was an attorney; (b) he was an employee of the Clay Chapman firm; (c) that he had a contract with the Clay Chapman firm; or (d) that he had allegedly been offered a partnership in the Clay Chapman firm," [id., [Decl. of John R.] Dwyer[, Jr.] at ¶ 7].  A court can only rely on admissible evidence in deciding a motion for summary judgment.  Orr [v. Bank of Am., NT & SA], 285 F.3d [764,] 783 [(9th Cir. 2002)].  Because Plaintiff offers testimony not based on his personal knowledge but on out-of-court statements by others for which there is no hearsay exception, the Court can disregard these potions of his declaration.  The Court concludes that no genuine issue of material fact exists that Dwyer did not have knowledge of Plaintiff's relationship, advantage, or expectancy.  Because this is an essential element of Plaintiff's claim for tortious interference with prospective economic advantage, summary judgment must be granted.

[7/23 Order at 38-39 (some alterations in 7/23 Order).]  Defendants provide Shin's deposition testimony that he did know that Plaintiff was working for the Clay Chapman law firm; that he was concerned because of his prior work experience with Plaintiff, and that he called Gerald Clay with the intent to let Mr. Clay know about this concern and Shin's work experience with Plaintiff but Mr. Clay did not answer Shin's telephone call nor did Mr. Clay return the telephone call.  See Defs.' concise statement of facts ("Defs.' CSOF"), filed 10/6/21 (dkt. no. 285), Decl. of Richard M. Rand ("Rand Decl."), Exh. H (excerpt of Deposition of Nan C. Shin a.k.a Patrick Shin, taken on May 28, 2021) at 266:1-7.  All inferences must be drawn in favor of Plaintiff and therefore the Court concludes that Shin's testimony is sufficient to raise a material issue of fact as to whether Shin knew of Plaintiff's relationship with the Clay Chapman law firm and his purported partnership offer.  The law-of-the-case doctrine does not apply here because the 7/23 Order pertains to whether or not Dwyer (not Defendants) had "knowledge of Plaintiff's relationship, advantage, or expectancy."  See 7/23 Order at 38.  Summary judgment is therefore not appropriate on this element of tortious interference with prospective economic and business advantage.

However, another essential element for a claim of tortious interference with prospective economic and business advantage is that Defendants had "purposeful intent to interfere with the relationship, advantage or expectancy[.]" See Wadsworth, 818 F. Supp. 2d 1240, 1252. Shin's deposition testimony states that he called but never spoke with Mr. Clay; and Mr. Clay's declaration states that he never communicated with Shin or anyone at Nan, Inc. about Plaintiff; never returned Shin's telephone call; and that "[n]o one outside of Clay Chapman ever requested or demanded that [Plaintiff] be terminated." [Rand. Decl., Exh. F (Decl. of Gerald Clay dated 1/15/21) ("Clay Declaration") at ¶¶ 5-6, 12.] Significantly, the Clay Declaration is the same declaration relied upon in the 7/23 Order. In opposition, Plaintiff relies again, as he did in opposing Clay's identical testimony submitted in support of Defendant John Dwyer's motion for summary judgment, on his declaration setting forth the same third-party statements previously determined by this Court as consisting of inadmissible hearsay. The Court, for the same reasons set forth in the 7/23 Order, disregards Plaintiff's testimony based on out-of-court statements by others for which there is no hearsay exception and concludes that, even when considered in the light most favorable to Plaintiff, that there is insufficient evidentiary basis on which a reasonable fact finder could find that Defendants interfered with Plaintiff's relationship, advantage or expectancy with the Clay Chapman law firm. As there is no genuine issue of material fact, summary judgment is proper and the Motion as to Count V is GRANTED.

### III. Title VII Claim

In Count IV of his TAC and as pertinent to the issue at hand, Plaintiff alleges that Nan, Inc. "violated Title VII (42 U.S.C. § 2000e, et seq.) by not preventing [Shin] . . . from unwelcomed, severe, continuing and pervasive harassment of Plaintiff based on Plaintiff's race, national and ethnic origin; and retaliating against Plaintiff after Plaintiff complained about such discriminatory treatment and after Plaintiff being [sic] a whistleblower." [TAC at ¶ 160.] On November 8, 2019, Plaintiff filed his First Amended Complaint against Defendants in Civil No. 1CCV-19-0002008 (JHA), in the First Circuit Court for the State of Hawaiʻi ("State Court Action") and alleged three claims: Violation of Hawaiʻi Revised Statutes Chapter 378, Part V, the Whistleblowers' Protection Act (Count I); Violation of Public Policy (Count II); and Intentional Infliction of Emotional Distress (Count III). See Rand Decl., Exh. A (First Amended Complaint in the State Court Action) (dkt. no. 285-2) at PageID #: 4353-55. After a jury verdict was rendered, final judgment was entered in favor of Defendants and against Plaintiff on all of Plaintiff's claims in the State Court Action on September 10, 2021. See id., Exh. E ("State Court Final Judgment") (dkt. no. 285-6).

Defendants seek summary judgment on Plaintiff's Title VII claim (Count IV) because the *res judicata* effect of the State Court Final Judgment precludes this claim. See Mem. in Supp. at 13-15. Plaintiff however argues that *res judicata* does not apply because: he has timely appealed the State Court Final Judgment; the jury in the State Court Lawsuit did not make findings about his Title VII claim; and the jury verdict "clearly vindicated Plaintiff and his allegations of hostile work environment in violation of Title VII." [Mem. in Opp. at 17; id., Decl. of Bosko Petricevic, Exh. 3 (Notice of Appeal filed 10/8/21 in the State Court Action) (dkt. no. 289-4).

It is uncontested that a state court judgment exists in the State Court Action, and thus this Court must examine what preclusive effect, if any, this judgment has; specifically, whether the judgment is a final judgment for purposes of *res judicata*:

> "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised **or could have been raised**' in a prior action." Stewart v. U.S. Bankcorp, 297 F.3d 953, 956 (9th Cir.

2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). To determine the preclusive effect of a state court judgment, the court must look to Hawaii law, but federal law governs the preclusive effect of a federal court judgment. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (explaining that "federal courts may look to common law or to the policies supporting res judicata . . . in assessing the preclusive effect of decisions of other federal courts," but must determine the preclusive effect of a state court judgment based on the law of that state). Under Hawaii law, claim preclusion applies where there is (1) a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is the same as the one presented in the current action. See Dela Cruz [v. McManaman, Civ. No. 11-00747 JMS/RLP], 2012 WL 4472260, at *4 [(D. Hawaiʻi Sept. 26, 2012)] (citing Bremer v. Weeks, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)).

Dela Cruz v. Child Welfare Servs., Civ. No. 16-00669 JMS-KSC, 2017 WL 778074, at *3 (D. Hawaiʻi Feb. 28, 2017) (emphasis and some alterations in Dela Cruz). To that end, pursuant to Hawaiʻi law,

> [t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.

Bush v. Watson, 81 Hawaiʻi 474, 479–480, 918 P.2d 1130, 1135–1136 (1996) (quoting Morneau v. Stark Enters., Ltd., 56 Haw. 420, 422–423, 539 P.2d 472, 474–475 (1975)); see also Dannenberg v. State, 139 Hawaiʻi 39, 59, 383 P.3d 1177, 1197 (2016).

Demoruelle v. Rao, CIV. NO. 20-00147 LEK-RT, 2021 WL 310339, at *3–4 (D. Hawaiʻi Jan. 29, 2021) (alterations and emphasis in Demoruelle).

Here, Plaintiff has filed an appeal and therefore a final judgment does not exist for *res judicata* to preclude Plaintiff's Title VII (Count IV) claim. See Pedrina, 906 F. Supp. at 1402 ("[I]t follows 'that where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of res judicata.'" (quoting Littleton v. State of Hawaii, 6 Haw. App. 70, 75, 708 P.2d 829 (1985))). Summary judgment is therefore DENIED WITHOUT PREJUDICE as to Count IV. The denial is without prejudice to Defendants seeking summary judgment based on *res judicata* in the event that the State Court Final Judgment is affirmed on appeal.

Defendants seek a stay of the proceedings in this case pending the resolution of the appeal in the State Court Action. Plaintiff opposes a stay. Because the *res judicata* effect, if any, of the State Court Final Judgment will be determined by the decision on appeal, the Court FINDS that a stay is appropriate in this case and GRANTS a stay of proceedings pending the

resolution of the appeal in the State Court Action.  See, e.g., Castro v. Melchor, Civil No. 07-00558 LEK-BMK, 2012 WL 4092425, at *13-14 (D. Hawaiʻi Sept. 14, 2012).

## CONCLUSION

In sum, the Motion is GRANTED IN PART AND DENIED IN PART as follows:

- summary judgment with prejudice is GRANTED as to Counts I, II and V of the Third Amended Complaint in favor of Defendants and against Plaintiff; and

- summary judgment is DENIED without prejudice as to Count IV of the Third Amended Complaint.

Further, Defendants' request for a stay is GRANTED and, in light of the stay of proceedings in this action, the Court VACATES the trial date and related deadlines, and ORDERS the parties to meet with the magistrate judge regarding trial setting no later than **two weeks** after the final judgment in the appeal of Civil No. 1CCV-19-0002008 (JHA).

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager