UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BOSKO PETRICEVIC,<br><br>        Plaintiff,<br><br>    vs.<br><br>PATRICK SHIN, RICHARD WILSON, JOHN DWYER, TERRANCE REVERE, NAN, INC., A DOMESTIC PROFIT CORPORATION,<br><br>        Defendants. | CIV. NO. 20-00283 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS PATRICK SHIN AND NAN, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT AND MOTION TO STAY</u>**

Before the Court is Defendants Patrick Shin ("Shin") and Nan, Inc.'s (collectively "Defendants") Motion for Summary Judgment and Motion to Stay ("Motion"), filed on October 6, 2021. [Dkt. no. 284.] Pro se Plaintiff Bosko Petricevic ("Plaintiff") filed his memorandum in opposition on November 19, 2021, and Defendants filed their reply on November 24, 2021. [Dkt. nos. 289, 291.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On December 16, 2021, an entering order was issued informing the parties of the Court's rulings on the Motion. [Dkt. no. 295.] The instant Order supersedes that entering order. For the reasons set forth

below, Defendants' Motion is hereby granted in part and denied in part.

## BACKGROUND

Plaintiff states he was hired by Nan, Inc. on March 18, 2019 as its in-house litigation counsel. [Mem. in Opp., Decl. of Bosko Petricevic ("Pltf.'s Decl.") at ¶ 10.] Plaintiff also states that, after reporting alleged illegal activity at Nan, Inc., he was harassed for months, leading to the termination of his employment on June 10, 2019. [Id. at ¶¶ 11-14, 48, 58.] Plaintiff began working at the law firm of Clay Chapman on September 3, 2019. [Defendants' Concise Statement of Facts in Supp. of Motion for Summary Judgment ("Defs.' CSOF"), filed 10/6/21 (dkt. no. 285), at ¶ 10; Plaintiff's Concise Statement of Facts in Supp. of His Mem. in Opp. ("Pltf.'s CSOF"), filed 11/19/21 (dkt. no. 290), at PageID #: 4535 (stating Defs.' ¶ 10 is not disputed).] On October 23, 2019, Plaintiff filed a lawsuit in the State of Hawai`i, First Circuit Court ("state court" and "State Court Action")[1] alleging discrimination against Shin and Nan, Inc. [Defs.' CSOF at ¶¶ 1-2; Pltf.'s CSOF at PageID #: 4535.] Plaintiff amended his complaint in the State Action on November 8, 2019 ("State Court First Amended Complaint"). [Defs.' CSOF, Decl. of Richard M.

---

[1] The State Court Action's case number is Civil No. 1CCV-19-0002008 (JHA).

2

Rand ("Rand Decl."), Exh. A (State Court First Amended Complaint).] On June 22, 2020, Plaintiff filed this instant action ("Federal Court Action") against Shin, Nan, Inc., Richard Wilson ("Wilson"), John Dwyer ("Dwyer"), and Terry Revere ("Revere"). [Complaint, filed 6/22/20 (dkt. no. 1).] The State Court Action and the Federal Court Action concern the same set of facts. [Defs.' CSOF at ¶ 5; Pltf.'s CSOF at PageID #: 4535.]

Plaintiff states Gerald Clay ("Clay"), a named partner at Clay Chapman, promised him an unconditional offer to become an equity partner at the firm. [Pltf.'s Decl. at ¶ 62.] Plaintiff also states that Shin, Wilson, Dwyer, and Revere conspired to interfere with Plaintiff's employment and future partnership at Clay Chapman. See id. at ¶¶ 87, 99. In July 2020, Clay Chapman's Board of Directors decided to terminate Plaintiff's employment, which became effective on July 31, 2020. [Defs.' CSOF at ¶ 15; Pltf.'s CSOF at PageID #: 4535.] On February 5, 2021, Plaintiff filed his Third Amended Complaint, which is the operative complaint in the Federal Court Action ("Federal Court Third Amended Complaint"). [Dkt. no. 151.] On June 30, 2021, an order was issued dismissing, with prejudice, Plaintiff's claims in the Federal Court Third Amended Complaint against Wilson and Revere ("6/30/21 Order"). [Dkt. no. 251.[2]]

---

[2] The 6/30/21 Order is also available at 2021 WL 2700382.

On July 23, 2021, an order was issued granting summary judgment in favor of Dwyer as to all of Plaintiff's claims against him ("7/23/21 Order"). [Dkt. no. 261.[3]] Thus, Shin and Nan, Inc. are the only remaining defendants in the Federal Court Action.

A jury trial in the State Court Action was held from July 12 to July 21, 2021, and the jury returned a verdict in favor of Shin and Nan, Inc. on all counts. A final judgment was entered on September 10, 2021. [Defs.' CSOF at ¶¶ 17, 19; Pltf.'s CSOF at PageID #: 4534 (partially disputing Defs.' ¶ 19 on other grounds), 4535 (stating Defs.' ¶ 17 is not disputed).]

Defendants seek summary judgment on Plaintiff's claims for: violations of 42 U.S.C. § 1985(2), part two ("Count I"); tortious interference with contractual relations ("Count III"); violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.* ("Count IV"); and tortious interference with prospective economic and business advantage ("Count V"). [Mem. in Supp. of Motion at 1.]

## DISCUSSION

### I. Section 1985(2) Conspiracy (Count I)

Defendants contend that they are entitled to summary judgment as to Count I because the Court dismissed with prejudice the § 1985(2) counts against Wilson and Revere. See

---

[3] The 7/23/21 Order is also available at 2021 WL 3130048.

4

id. at 8-11. Specifically, the Court previously found that the application of an attorney-client variant of the intracorporate conspiracy doctrine precluded Plaintiff's civil conspiracy claims against Wilson and Revere because they could not conspire with Defendants (their clients). See 6/30/21 Order, 2021 WL 2700382, at *3-7. Defendants argue the law-of-the-case doctrine applies here and summary judgment on Count I is appropriate. Plaintiff, however, disputes that the intracorporate conspiracy doctrine applies to Defendants because, unlike Wilson and Revere, Defendants are not attorneys. See Mem. in Opp. at 9. Plaintiff misunderstands.

Plaintiff alleges Defendants conspired with their attorneys, Wilson and Revere, but the Court has ruled that the intracorporate conspiracy doctrine precludes civil conspiracy claims because attorneys cannot conspire with their clients for purposes of § 1985(2). See 6/30/21 Order, 2021 WL 2700382, at *7; see also Musacchio v. United States, 577 U.S. 237, 244-45 (2016) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (quotation marks and citation omitted)). Because the law precludes § 1985(2) claims against attorneys on the basis that attorneys cannot conspire with their clients, it is axiomatic that the law also precludes such claims against the clients.

5

To the extent that Plaintiff's theory is that Shin and Nan, Inc. conspired against him, that theory also fails. "The intracorporate conspiracy doctrine provides that, as a matter of law, a corporation cannot conspire with its own employees or agents." Hoefer v. Fluor Daniel, Inc., 92 F. Supp. 2d 1055, 1057 (C.D. Cal. 2000) (citation omitted). As such, Shin and Nan, Inc. could not have conspired against Plaintiff because Shin is both an owner and an agent of Nan, Inc. Count I fails as a matter of law and, therefore, summary judgment is granted in favor of Defendants with respect to that claim. See Fed. R. Civ. P. 56(a) (stating summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

**II.   Tortious Interference Claims (Counts III and V)**

Defendants seek summary judgment as to Plaintiff's tortious interference with contractual relations claim in Count III and tortious interference with prospective economic and business advantage claim in Count V. Plaintiff has not identified a genuine issue of material fact for either claim.

    **A.   Tortious Interference with Contractual Relations (Count III)**

The Court previously found that, in relation to Plaintiff's tortious interference claims against Dwyer,

6

> there are no inferences that support the existence of a partnership contract between Plaintiff and Clay Chapman. Because no genuine issue of material fact exists that there was not a partnership contract between Plaintiff and Clay Chapman, Plaintiff's claim for tortious interference with contractual relations fails as a matter of law.

7/23/21 Order, 2021 WL 3130048, at *10. The same analysis applies here.

Plaintiff argues there is a genuine issue of material fact as to whether a partnership contract existed because his declaration states that a partnership contract exists. [Mem. in Opp. at 12 (citing Plaintiff's Decl. at ¶ 93).] However, the Court addressed the same argument in the 7/23/21 Order. See 7/23/21 Order, 2021 WL 3130048, at *7. There, the Court rejected Plaintiff's contention that it "must accept the whole of his declaration." See id. The Court continues to reject Plaintiff's contention here. Plaintiff's reliance on Nigro v. Sears, Roebuck & Co., 784 F.3d 495 (9th Cir. 2015), [Mem. in Opp. at 12-13,] is misplaced, as it was in his opposition to Dwyer's motion. See 7/23/21 Order, 2021 WL 3130048, at *7. In Nigro, the Ninth Circuit held that "a self-serving declaration does not always create a genuine issue of material fact for summary judgment: The district court can disregard a self-serving declaration that states only conclusions and not facts

7

that would be admissible evidence." 784 F.3d at 497 (citations omitted).

Plaintiff's declaration is precisely the sort of declaration that the Court has discretion to disregard. For instance, Plaintiff's declaration states "Gerald Clay and I reached an agreement as to me becoming an equity partner in the Clay Chapman Law Firm." [Pltf.'s Decl. at ¶ 93.] Plaintiff then outlines some of the purported terms of the agreement, including a buy-in amount, a profit-sharing percentage, and partnership authority. See id. However, Plaintiff neither states the time, place, nor manner in which the agreement occurred. In support of his declaration, Plaintiff cites an email from Clay to Plaintiff where Clay writes, "[i]f you [w]ant [your future] to be in this firm, you have to make life enjoyable for your future partners." [Pltf.'s Decl., Exh. 1 (email dated 6/23/20 from Gerald S. Clay).] As the Court stated in the 7/23/21 Order addressing the same email, "Plaintiff is not the author of Clay's e-mail and therefore Plaintiff's averment that Clay's reason for using the words 'future partners' in his email was because they had an agreed upon equity partnership agreement is based on speculation and not admissible." 7/23/21 Order, 2021 WL 3130048, at *5 (citing Fed. R. Evid. 403, 602). Therefore, Plaintiff has not presented

sufficient evidence to raise a genuine issue of material fact as to the existence of a partnership contract.

Even if there is a genuine issue of material fact as to the existence of a partnership contract, Plaintiff has not offered sufficient evidence to show that Shin intentionally induced Clay to breach the contract, which is a required element for his tortious interference with contractual relations claim against Defendants. See Alii Sec. Sys., Inc. v. Prof'l Sec. Consultants, 139 Hawai`i 1, 8-9, 383 P.3d 104, 111-12 (Ct. App. 2016) (listing the required elements of the claim) (citation omitted). Plaintiff states Shin and Nan, Inc. knew about the partnership agreement. See Pltf.'s Decl. at ¶¶ 97, 146. Plaintiff also states Shin contacted Clay and demanded that Plaintiff's employment be terminated. See id. at ¶ 122. However, Clay stated he never communicated with Shin about Plaintiff. [Rand Decl., Exh. F (Decl. of Gerald Clay) ("Clay Decl.") at ¶ 5.] Moreover, Shin testified in his deposition that he attempted to call Clay to discuss Plaintiff's employment, but Shin was unable to get ahold of Clay, and Clay never called Shin back. See id., Exh. H (excerpts of trans. of 5/28/21 Depo. of Nan C. Shin a.k.a Patrick Shin) ("Shin Depo. Trans.") at 266.

Plaintiff states Clay told him that Defendants demanded Clay either fire Plaintiff or force him to drop the

State Court Action and Federal Court Action.  <u>See</u> Pltf.'s Decl. at ¶¶ 97, 125-26, 141.  Plaintiff's proffered evidence is inadequate.  First, Plaintiff, as the declarant, has no personal knowledge about the conversations between Shin and Clay because he does not state that he was a party to those conversations.  <u>See</u> Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").  Second, Plaintiff's statements about what Shin told Clay are hearsay, and no exception applies.  <u>See</u> Fed. R. Evid. 801(c) (stating hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"); <u>see also</u> Fed. R. Evid. 803, 804 (hearsay exceptions).  Plaintiff argues his statements are admissible because they are opposing party statements pursuant to Fed. R. Evid. 801(d)(2).  Plaintiff's argument is misplaced.  Clay is not an opposing party to Plaintiff in this action and, therefore, Clay's statements to Plaintiff about what Shin said to him do not fall under this exception.  <u>See</u> Fed. R. Evid. 801(d)(2) (stating a statement is not hearsay if "[t]he statement is offered against an opposing party . . . .").

10

Because Plaintiff fails to "respond with more than mere hearsay and legal conclusions[,]" summary judgment in favor of Defendants as to Count III is appropriate. See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 783 (9th Cir. 2002) (quotation marks and citation omitted).

### B.  Tortious Interference with Prospective Economic and Business Advantage (Count V)

Defendants argue summary judgment as to Count V should be granted because Plaintiff has failed to show a genuine issue of material fact regarding Shin either knowing about a partnership contract or demanding Clay terminate Plaintiff's employment.  The Court agrees that summary judgment is proper as to Count V, although not for all the same reasons Defendants offer.

A tortious interference with prospective economic and business advantage claim requires:

> (1) the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definite, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the plaintiff; (2) knowledge of the relationship, advantage, or expectancy by the defendant; (3) a purposeful intent to interfere with the relationship, advantage, or expectancy; (4) legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy; and (5) actual damages.

Minton v. Quintal, 131 Hawai`i 167, 191, 317 P.3d 1, 25 (2013) (footnote omitted) (quoting Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 113 Hawai`i 77, 116, 148 P.3d 1179, 1218 (2006)). As to the first element, "**there must be a colorable economic relationship between the plaintiff and a third party** with the potential to develop into a full contractual relationship. The prospective economic relationship need not take the form of an offer but **there must be specific facts proving the possibility of future association**." Haw. Med. Ass'n, 113 Hawai`i at 116, 148 P.3d at 1218 (emphases in Haw. Med. Ass'n) (quoting Locricchio v. Legal Servs. Corp., 833 F.2d 1352, 1357 (9th Cir. 1987)).

Plaintiff has raised a genuine issue of material fact as to the first element because Clay referred to Plaintiff in an email as "future partners." See Pltf.'s Decl., Exh. 1. Although this evidence was insufficient to create a genuine issue of material fact as to the existence of a partnership contract, it is sufficient to raise a genuine issue of fact as to "the possibility of future association" as an equity partner. Viewing the evidence in the light most favorable to Plaintiff as the nonmoving party, see Harris v. Cnty. of Orange, 17 F.4th 849, 855 (9th Cir. 2021), the email creates a genuine issue of material fact whether there was a possibility of future partnership.

As to the second element, Defendants argue summary judgment is proper because they did not have knowledge of a partnership contract. Defendants misunderstand this element of Plaintiff's claim. To prevail on Count V, Plaintiff does not need to show that Defendants knew of a partnership contract. Rather, Plaintiff must provide sufficient evidence to show that Defendants knew of a potential partnership relationship, advantage, or expectancy. Shin testified in his deposition that he attempted to call Clay regarding Plaintiff's employment at Clay Chapman because he was concerned and wanted to inform Clay about Plaintiff's prior work experience with Shin. See Shin Depo. Trans. at 266. After "draw[ing] all reasonable inferences in [Plaintiff's] favor," see Swoger v. Rare Coin Wholesalers, 803 F.3d 1045, 1047 (9th Cir. 2015) (citation omitted), the Court concludes that Shin's testimony is sufficient to raise a material issue of fact as to whether Shin knew of Plaintiff's potential relationship with Clay Chapman.

However, Plaintiff fails to raise a genuine issue of fact as to the third element; that is, whether Defendants had "purposeful intent to interfere with the relationship, advantage or expectancy[.]" See Minton, 131 Hawai`i at 191, 317 P.3d at 25 (citation omitted). In his declaration, Clay states: he never communicated with Shin about Plaintiff; [Clay Decl. at ¶ 5;] he did not return Shin's phone call; [id. at ¶ 6;] and

13

"[n]o one outside of Clay Chapman ever requested or demanded that Mr. Petricevic be terminated," [id. at ¶ 12]. Furthermore, Shin testified that Clay never returned his phone call. See Shin Depo. Trans. at 266. Plaintiff, however, relies on the same hearsay and legal conclusions used before – *i.e.*, in showing that Shin intentionally induced Clay to breach the purported partnership contract - to argue Defendants intended to interfere with the possibility of partnership. See Mem. in Opp. at 15-16. As such, Plaintiff does not raise a genuine issue of material fact here for the same reasons Plaintiff does not raise a genuine issue of material fact as to whether Shin intentionally induced Clay to breach the contract. See *supra* Discussion Section II.A. Accordingly, summary judgment in favor of Defendants as to Count V is appropriate.

### III. Title VII Claim (Count IV)

#### A. *Res Judicata*

Defendants argue they are entitled summary judgment on Plaintiff's Title VII claim because the *res judicata* effect of the final judgment in the State Court Action precludes this claim.

It is uncontested that a judgment exists in the State Court Action. [Def.s' CSOF ¶ 19; Pltf.'s CSOF at PageID #: 4534 (partially disputing ¶ 19 on other grounds).] Thus, this Court must examine what preclusive effect, if any, the State Court

14

Action judgment has; specifically, whether the judgment is a final judgment for purposes of *res judicata*.

> "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised **or could have been raised**' in a prior action." Stewart v. U.S. Bankcorp, 297 F.3d 953, 956 (9th Cir. 2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)).  To determine the preclusive effect of a state court judgment, the court must look to Hawaii law, but federal law governs the preclusive effect of a federal court judgment.  See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (explaining that "federal courts may look to common law or to the policies supporting res judicata . . . in assessing the preclusive effect of decisions of other federal courts," but must determine the preclusive effect of a state court judgment based on the law of that state).  Under Hawaii law, claim preclusion applies where there is (1) a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is the same as the one presented in the current action.  See Dela Cruz [v. McManaman, Civ. No. 11-00747 JMS/RLP], 2012 WL 4472260, at *4 [(D. Hawai`i Sept. 26, 2012)] (citing Bremer v. Weeks, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)).
>
> Dela Cruz v. Child Welfare Servs., Civ. No. 16-00669 JMS-KSC, 2017 WL 778074, at *3 (D. Hawai`i Feb. 28, 2017) (emphasis and some alterations in Dela Cruz).  To that end, pursuant to Hawai`i law,
>
> > [t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of

15

> the issues which were actually litigated in the first action, but also all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.
>
> Bush v. Watson, 81 Hawai`i 474, 479-480, 918 P.2d 1130, 1135-1136 (1996) (quoting Morneau v. Stark Enters., Ltd., 56 Haw. 420, 422-423, 539 P.2d 472, 474-475 (1975)); see also Dannenberg v. State, 139 Hawai`i 39, 59, 383 P.3d 1177, 1197 (2016).

Demoruelle v. Rao, CIV. NO. 20-00147 LEK-RT, 2021 WL 310339, at *3-4 (D. Hawai`i Jan. 29, 2021) (alterations and emphasis in Demoruelle).

Here, Plaintiff filed an appeal, see generally Mem. in Opp., Exh. 3 (Notice of Appeal for the State Court Action), and therefore a final judgment does not exist for *res judicata* purposes, see Pedrina v. Chun, 906 F. Supp. 1377, 1402 (D. Hawai`i 1995) ("[I]t follows 'that where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of res judicata.'" (quoting Littleton v. State of Hawaii, 6 Haw. App. 70, 75, 708 P.2d 829 (1985)))). Defendants' request for summary judgment as to Count IV is therefore denied. The denial, however, is without prejudice to Defendants seeking summary judgment based on *res judicata* in the event that the State Court Action judgment is affirmed on appeal.

B.   **Staying the Proceedings**

Alternatively, Defendants seek a stay of the proceedings in this case pending the resolution of the appeal in the State Court Action. [Mem. in Supp. of Motion at 18.] Plaintiff opposes a stay. [Mem. in Opp. at 19-20.] This district court has stated:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The exertion of this power calls for the exercise of sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). See Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis, 299 U.S. at 255, 57 S. Ct. 163, for the same).

Hawai`i v. Trump, 233 F. Supp. 3d 850, 853 (D. Hawai`i 2017) (alteration in Hawai`i). "Further, this district court has exercised its inherent power to stay an action pending the resolution of state appellate proceedings." Castro v. Melchor, Civil No. 07-00558 LEK-BMK, 2012 WL 4092425, at *12 (D. Hawai`i Sept. 14, 2012) (citing Tejada v. Deutsche Bank Nat'l Trust Co., Civil No. 10-00136 SOM/KSC, 2011 WL 3240276, at *4 (D. Hawai`i July 27, 2011)). "When an appeal has been taken, the Hawaii Supreme Court has noted that it is proper to stay a subsequent

17

suit regarding the subject matter of the first suit pending that appeal." Tejada, 2011 WL 3240276, at *4 (citing Solorana v. Indus. Elecs., Inc., 50 Haw. 22, 30, 428 P.2d 411, 417 (1967)).

In Tejada, "[t]he court exercise[d] its inherent power to stay th[e] action pending the disposition of the state-court appellate proceedings[,]" because it expected the stay to be "of a fairly short duration," and "the final Hawaii appellate court decision w[ould] likely end the litigation in th[e] case." Id. (citation omitted). In Castro, this Court found that:

> If the Court allowed Plaintiff to proceed to trial in the instant case during the pendency of the appeal in the State Action, the jury could return a verdict that is inconsistent with the state court's rulings on those claims. Arguably, only the United States Supreme Court would be able to hear appeals from both cases and resolve the conflict. This would not serve the interests of justice, particularly because, once the state court's judgment on those claims is final, the judgment would have a res judicata/collateral estoppel effect in the instant case.

2012 WL 4092425, at *13.

Both Tejada and Castro are instructive here. The Court finds that a stay pending the resolution of the appeal in the State Court Action is appropriate because the Court "has no reason to think the Hawaii appellate courts will take an unreasonable amount of time to decide [Plaintiff's] appeal." See Tejada, 2011 WL 3240276, at *4. Moreover, "[t]he interests in the expeditious resolution of the case . . . do not outweigh

the considerations of judicial economy and the administration of justice . . . ." See Castro, 2012 WL 4092425, at *15.  Absent a stay, there is a possibility of inconsistent results between the State Court Action and the Federal Court Action.  Further, if the judgment in the State Court Action is affirmed on appeal, then the judgment could have a *res judicata* effect on the Federal Court Action.

>      Finally,
> 
>      Staying this action is also consistent with
>      the Rooker-Feldman doctrine, which generally
>      prevents this court from exercising appellate
>      jurisdiction over state-court decisions. D.C.
>      Court of Appeals v. Feldman, 460 U.S. 462, 482-86
>      (1983); Rooker v. Fid. Trust Co., 263 U.S. 413,
>      415-16 (1923).  The Rooker-Feldman doctrine
>      states that:
> 
>           a losing party in state court is barred from
>           seeking what in substance would be appellate
>           review of the state judgment in a United
>           States District Court, based on the losing
>           party's claim that the state judgment itself
>           violates the loser's federal rights.
> 
>      Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir.
>      1998) (quoting Johnson v. DeGrandy, 512 U.S. 997,
>      1005-06 (1994)).  If the court stays this action,
>      allowing Hawaii's appellate courts to decide any
>      appeal of the state-trial court's decision, this
>      court cannot be said to be acting as an appellate
>      court over the state-court decision.

Tejada, 2011 WL 3240276, at *5.

Therefore, a stay on the instant action is warranted.

## **CONCLUSION**

On the basis of the foregoing, Defendants Patrick Shin and Nan, Inc.'s Motion for Summary Judgment and Motion to Stay, filed October 6, 2021, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is DENIED insofar as summary judgment is denied as to Count IV.  The denial of summary judgment as to Count IV is WITHOUT PREJUDICE.  However, the Motion is GRANTED insofar as: (1) summary judgment is granted in favor of Defendants as to Counts I, III, and V; and (2) Defendants' request for a stay is granted.

Because the instant action is stayed, the Court VACATES the trial date and related deadlines and ORDERS the parties to meet with the magistrate judge regarding trial setting no later than **two weeks** after the judgment in the appeal of the State Court Action becomes final.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 18, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BOSKO PETRICEVIC VS. PATRICK SHIN, ET AL; CV 20-00283 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS PATRICK SHIN AND NANC, INC.'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STAY**